

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

May 21, 2007

**FILED**

MAY 2 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Danielle C. Jahn, Esquire
Assistant Federal Public Defender
by hand-delivery

re:  United States of America v. Kirk Brooks, 07-cr-94-PLF

Dear Counsel:

   This letter sets forth the full and complete plea offer to your client, Kirk Brooks, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office").  This plea offer will expire on May 23, 2007.  If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below.  Upon receipt of the executed document, this letter will become the Plea Agreement.  The terms of the offer are as follows.

   **Charges and Statutory Penalties**

   Your client agrees to plead guilty to count one of the pending indictment, in which he is charged with possession with intent to distribute cocaine base, also known as crack, in violation of 21 U.S.C. § 841.  Your client agrees and will acknowledge at the time of the plea of guilty to this criminal charge that, pursuant to section 1B1.3 of the United States Sentencing Commission Guidelines Manual (2006) (hereinafter, Sentencing Guidelines or U.S.S.G.), he is accountable for 98.9 grams of cocaine base, also known as crack; 398.8 grams of cocaine; and 81.4 grams of marijuana, which quantities represent the total amounts involved in your client's relevant criminal conduct, and constitute amounts of controlled substances your client possessed with intent to distribute.

Your client understands that pursuant to 18 U.S.C. §§ 3013, 3559, and 3583, and 21 U.S.C. § 841, the charge carries a mandatory minimum prison sentence of 5 years and a maximum prison sentence of 40 years; a minimum 4-year term and a maximum 5-year term of supervised release; a maximum fine of $2 million; and a $100 special assessment.  There is also an obligation to pay interest and penalties on fines and assessments not timely paid.

In consideration of your client's guilty plea to the above offense, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense.  In addition, at the time of sentencing, the Government will move to dismiss the remaining two counts of the pending indictment.  Your client agrees that with respect to any and all dismissed charges your client is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

**Factual Stipulations**

Your client agrees that the attached "Statement of the Offense" fairly and accurately describes his actions and involvement in the offense to which he is pleading guilty.  It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

**Forfeiture**

Your client agrees to the administrative forfeiture of $9165 in U.S. currency, seized during the execution of the search warrant at 1251 Forty-second Street, S.E., Washington, D.C., on January 17, 2007.

**Sentencing Guidelines**

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the Sentencing Guidelines.  Pursuant to rule 11(c)(1)(B) of the Federal Rule of Criminal Procedure, and to assist the Court in determining the appropriate sentence, the parties stipulate to the following. However, nothing in this agreement is to be read as precluding either party from arguing for or against the applicability of any other specific offense characteristic and/or adjustment to the defendant's base offense level that is not specifically referenced in the agreement.

### A. Offense Level Under the Guidelines

The parties agree that the base offense level is 32, pursuant to U.S.S.G. § 2D1.1(a)(3), (c), and app. notes 6 and 10.

### B. Adjustment for Acceptance of Responsibility

Assuming your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence the Government agrees that a two-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming your client has accepted responsibility as described in the previous sentence and that your client's base offense level is 16 or greater, the Government agrees that an additional three-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(b), because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

### C. Guideline Departures

The parties agree that under the Sentencing Guidelines neither a downward nor an upward departure from the applicable Guidelines Ranges are warranted. Accordingly, neither party will seek such a departure or seek any adjustment not set forth herein. Nor will either party suggest that the Court consider such a departure.

### Agreement as to Sentencing Allocution

The parties further agree that a sentence within the applicable Guidelines Ranges established by the Sentencing Guidelines, if determined in accordance with the parties' stipulations in this Agreement, would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a). However, the parties agree that either party may seek a sentence outside of the guidelines ranges established by the Sentencing Guidelines and may suggest that the Court consider a sentence outside of the guidelines ranges based upon the factors to be considered in imposing sentence pursuant to that U.S. Code provision.

Nothing in this agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, and/or imposition of an

adjustment for obstruction of justice, *see id.* § 3C1.1, regardless of any stipulation set forth above, should your client move to withdraw your client's guilty plea after it is entered, or should it be determined that your client has either (1) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (2) engaged in additional criminal conduct after signing this Agreement.

In addition, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter or any proceeding before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under U.S.S.G. § 5K1.1 or 18 U.S.C. § 3553(e), or any post-sentencing motion to reduce sentence pursuant to rule 35(b) of the Federal Rules of Criminal Procedure.

### Court Not Bound by the Plea Agreement

It is understood that pursuant to rule 11(c)(1)(B) and (c)(3)(B) of the Federal Rules of Criminal Procedure, the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable guidelines ranges, or other sentencing issues. In the event that the Court considers any guidelines adjustments, departures, or calculations different from any stipulations contained in this agreement, or contemplates a sentence outside the guidelines ranges based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court.

### Court Not Bound by the Non-Mandatory Sentencing Guidelines

It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable guidelines ranges. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to

withdraw your client's plea of guilty should the Court impose a sentence outside the guidelines ranges.

**Release/Detention**

Your client acknowledges that pursuant to 18 U.S.C. §§ 3143 and 3145, your client may be ordered detained by the Court pending sentencing. It is agreed that the government is free to argue for such detention and that you and your client are free to argue for release pending sentencing. However, your client understands that the final decision regarding your client's release status or detention will be made by the Court at the time of your client's plea of guilty, and that your client is not permitted, under this agreement, to withdraw his plea of guilty if the Court should order him detained pending sentencing.

**Breach of Agreement**

Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this agreement, including your client's statements made during proceedings before the Court pursuant to rule 11 of the Federal Rules of Criminal Procedure.

Your client acknowledges discussing with you rule 11(f) of the Federal Rule of Criminal Procedure 11(f) and rule 410 of the Federal Rule of Evidence, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

### Waiver of Statute of Limitations

It is further agreed that should the conviction following your client's plea of guilty pursuant to this agreement be vacated for any reason, any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

### Waiver of Right to DNA Testing

By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

### Complete Agreement

No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal and Superior Court divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, you and your client may so indicate by signing the agreement in the space indicated below and returning the original to me.

Sincerely,

Michael C. Liebman
Assistant United States Attorney
(202) 353-2385

att.

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, Danielle C. Jahn, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

date: 5/22/07

_____
Kirk Brooks, defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

date: 5/22/07

_____
Danielle C. Jahn, Esquire
Assistant Federal Public Defender
Attorney for defendant Kirk Brooks

STATEMENT OF THE OFFENSE

On January 17, 2007, at approximately 3:07 p.m., U.S. Park Police Officers executed a search warrant at 1251 Forty-second Street, S.E., Washington, D.C., a single-family residence with a basement and two additional levels, and with three bedrooms on the top floor. In the closet of one of the bedrooms the officers recovered two scales associated with the weighing of illicit narcotics. In the same bedroom closet the officers also recovered a small safe, which was subsequently found to contain plastic bags and other containers holding (1) 98.9 grams of cocaine base, also known as crack; (2) 81.4 grams of marijuana; (3) 398.8 grams of cocaine; and (4) $9165 in U.S. currency.

Multiple latent fingerprints were recovered from the plastic bags and other containers within the safe holding the controlled substances. These latent prints were subsequently compared to the known prints of the defendant. The known prints of the defendant were a match for latent prints recovered from the containers within the safe holding the cocaine base, also known as crack, the marijuana, and the cocaine.

## Defendant's Acceptance of Statement of Offense

I have read this Statement of Offense and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this and all matters relating to it. I fully understand this Statement of Offense and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this Statement of Offense fully. No agreements, promises, understandings, or representations have been made with, to, or for me other than those in the plea agreement filed in connection with this case.

date: 5/22/07

_____
Kirk Brooks, defendant

## Defense Counsel's Acknowledgment

I am the attorney for defendant Kirk Brooks. I have reviewed every part of this Statement of Offense with him. It accurately and completely sets forth the Statement of Offense and agreed to by the defendant and the government.

date: 5/22/07

_____
Danielle C. Jahn, Esquire
Assistant Federal Public Defender
Attorney for defendant Kirk Brooks