UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| : | CRIMINAL NO.  1:07-cr-00094 (PLF) |
| : | |
| v. : | |
| : | |
| **Kirk Brooks,** : | |
| : | |
| **Defendant.** : | |

**UNITED STATES' MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits its Memorandum in Aid of Sentencing, recommending that the defendant be sentenced to 212 months of incarceration (the middle point of the guideline range), to be followed by four years of supervised release. In support thereof, the United States respectfully states the following:

Background

On January 17, 2007, at approximately 3:07PM, U.S. Park Police Officers executed a search warrant at 1251 42nd Street, S.E., Washington, D.C., a single-family residence with a basement and two additional levels, and with three bedrooms on the top floor. In the closet of one of the bedrooms the officers recovered two scales associated with the weighing of illicit narcotics. In the same bedroom closet the officers also recovered a small safe which contained 98.9 grams of cocaine base, also known as crack; 81.4 grams of marijuana, 398.8 grams of cocaine, and $9165 in U.S. currency. Latent prints on the containers within the safe holding the narcotics matched the known prints of the

defendant.

    A trial expert would have testified that the quantity, weight, and packaging of the cocaine base (crack), cocaine, and cannabis recovered from the safe, in concert with the amount of cash found in the safe, are consistent with possession for the purpose of distribution, rather than for personal consumption.

    2.    The defendant was indicted on one charge of Unlawful Possession with Intent to Distribute 5 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii); Unlawful Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C); and Unlawful Possession with Intent to Distribute Cannabis, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(D).  The defendant entered a plea to one count of Unlawful Possession with Intent to Distribute 5 Grams or More of Cocaine Base on May 29, 2007.[1]  Under the plea agreement, the defendant agreed to accept responsibility for 98.9 grams of cocaine base (crack), 398.8 grams of cocaine, and 81.4 grams of marijuana.  The government agreed that a three-level reduction under the guidelines and policies promulgated by the United States Sentencing Commission, <u>Guidelines Manual</u> (hereinafter "Sentencing Guidelines" or "U.S.S.G.") would be appropriate, and to dismiss the remaining counts in the indictment at the time of sentencing.

Statutory Penalties

---

[1] The Presentence Investigation Report stated in its July 3, 2007 draft version that the defendant pled guilty to Unlawful Possession With Intent to Distribute 50 Grams or More of Cocaine Base, 21 USC § 841(a)(1) and (b)(1)(A)(iii).  The defendant actually pled guilty to the distribution of 5 grams or more of cocaine base under 21 USC § (b)(1)(B)(iii).  The PSR calculations for incarceration remain the same.  The Presentence writer informed the government that the error will be corrected for the final report.

4.      Pursuant to 18 U.S.C. §§ 3013, 3559, 3583, and 21 U.S.C. § 841, the charge of Unlawful Possession with Intent to Distribute Cocaine Base (crack) carries a penalty of a term of imprisonment which may not be less than five (5) years and not more than forty (40) years, a fine not to exceed $2,000,000.00, and a term of supervised release of at least four (4) years. In addition, the defendant must pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing.

Sentencing Guidelines

5.      U.S. Probation Officer Kelly Kraemer-Soares, the PSR writer in this case, has calculated Defendant's total offense level to be 31 and his criminal history category to be VI.  PSR ¶¶ 12-32. Under these calculations, Defendant's Guidelines range for a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii) is 188 to 235 months. PSR ¶ 75.

Sentencing Recommendation

6.      The government recommends that the defendant be sentenced as a career offender to 212 months incarceration, followed by 4 years of supervised release.  The government's recommendation, which falls at the middle point of the defendant's applicable Sentencing Guidelines range, is reasonable when viewed in conjunction with the defendant's criminal history and his conduct during the commission of the crime in the case. The recommended sentence of 210 months imprisonment is also supported by the factors to be considered by courts as articulated in Title 18, United States Code, Section 3553(a). This provision provides, in pertinent part, that when fashioning a sentence, courts should consider (1) the circumstances surrounding the instant offense and the defendant's criminal history, (2) the seriousness of the offense and the need to promote respect for the law and punishment, (3) potential deterrence, (4) protecting the public, and (5) the

rehabilitative needs of the defendant. Id.

9. At the time of this offense, the defendant was 38 years of age and had been convicted of two bank robberies committed at the age of 18 and 19. He was released in 1998 and committed a drug offense in 1999, for which he was convicted of a misdemeanor possession of cocaine charge. He has had at least thirteen other arrests since the age of 15, including at least eight since his release from incarceration on the two bank robberies. The defendant has earned the status of career offender under the Sentencing Guidelines and his behavior supports that designation.

10. The defendant's progression into a career offender is based on his commission of a serious offense in this case, further demonstrating the that defendant is a significant danger to the community. First, the defendant possessed with the intent to distribute 98.9 grams of crack cocaine, almost twenty times the threshold amount requiring a mandatory minimum sentence. Had the government gone to trial, the government would have shown through expert testimony that the narcotics in this case have a potential resale value of approximately $50,000. It is without question that crack cocaine distribution has had devastating affects on the community, not only based on the manner in which it debilitates individuals addicted to the controlled substance, but also as a result of the inherent violence that comes from the drug trafficking business.

11. A sentence at the mid point of the defendant's Sentencing Guidelines range furthers the goals of deterrence and protecting the community from these types of crimes. Early release of the defendant would subject the community to further risk of narcotics distribution and violence and would signal to the community that these crimes do not carry serious penal consequences. The government's recommended sentence accomplishes the goal of protecting the community from the commission of further drug distribution by the defendant himself, as well as serving the goal of

deterring other individuals in the community from committing these types of offenses.

12. With respect to the defendant's rehabilitative needs, the defendant has been placed on probation in the past, prior to committing the offense in this case. He has already been given sufficient opportunity to prove himself to the Court and the community. The defendant's track record suggests he is not amenable to reforming his behavior and that his premature release would cause likely harm to the community. A sentence consistent with the Sentencing Guidelines range is therefore necessary.

13. It is the government's position that 18 U.S.C. § 3553(a)(2)(1), which directs that the sentencing court consider the "the nature and circumstances of the offense and the history and characteristics of the defendant," should not be read to mean that the sentencing court should take into account all of the defendant's personal characteristics in imposing a sentence of incarceration. Congress, in enacting the Sentencing Reform Act, specifically prohibited certain personal characteristics from being considered in sentencing. Thus, sentences cannot be based on a defendant's race, sex, national origin, creed or socioeconomic status. <u>See</u> 28 U.S.C §944(d). Other characteristics can be taken into account only to the extent they are relevant. <u>Id.</u> Congress specifically directed that the Commission assure that the guidelines reflected "the general inappropriateness" of considering certain factors, including the defendant's family ties and responsibilities, and community ties, in recommending terms of imprisonment. 28 U.S.C. § 944(e).

14. A sentence consistent with the career offender provision of the Sentencing Guidelines best accounts for the factors articulated in Title 18, United States Code, Section 3553(a) that a sentencing court must take into consideration. In this case, the defendant's extensive criminal history and the amount of drugs in this case all warrant a sentence consistent with the Sentencing

Guidelines.

WHEREFORE, based upon the above discussion, and the information reflected in the presentence report, the United States respectfully recommends a period of 212 months of incarceration, followed by a 4 year period of supervised release.

                              Respectfully,

                              JEFFREY A. TAYLOR
                              United States Attorney

                              By: _____/s/_____
                              Jeff Pearlman
                              ASSISTANT UNITED STATES ATTORNEY
                              Federal Major Crimes Section
                              United States Attorney's Office
                              555 Fourth Street, N.W., Room 4231
                              Washington, D.C. 20530
                              Phone: (202) 353-2385
                              Fax: (202) 514-6010

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the United States' Memorandum in Aid of Sentencing was served by first class mail upon counsel of record for the defendant, Danielle C. Jahn, Federal Public Defender, 625 Indiana Avenue, NW, Washington, D.C. 20004, this 25th day of July, 2007.

                              _____/s/_____
                              Jeff Pearlman
                              Assistant United States Attorney