Copies to: Judge
AUSA – Special Proceedings
Dft.

Page FILED

MAY 1 4 2008

Clerk, U.S. District and
Bankruptcy Courts

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
### SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District of Columbia | |
|---|---|---|
| Name (under which you were convicted): Kirk Brooks | Docket or Case No.: 07-094 – PLF | |
| Place of Confinement: P.O. Box 90043 Federal Correctional Complex, Petersburg, VA | Prisoner No.: #24782-037 | |
| UNITED STATES OF AMERICA | Movant (include name under which convicted) | |
| Kirk Brooks                          v. | United states of America | |

Civil Case 08-837-01-PLF

### MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _____
   U.S. District Court for the District of Columbia
   Washington, D.C. 20001
   _____

   (b) Criminal docket or case number (if you know): 07-094
2. (a) Date of the judgment of conviction (if you know): 08/07/2007
   _____

   (b) Date of sentencing: 08/07/2007
3. Length of sentence: 120 months
4. Nature of crime (all counts): One count of unlawful Possession w/Intent
   to distribute 5 grams or more of Cocaine Base, in violation
   of 21 U.S.C. §841(A)(1) and (b)(1)(B)(iii).
   _____
   _____
   _____

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐      (2) Guilty ☒      (3) Nolo contendere (no contest) ☐
   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count
   or indictment, what did you plead guilty to and what did you plead not guilty to? One count
   unlawful PWID 5 grams of Cocaine Base, in viol. of 21 U.S.C.
   §841(A)(1) and (b)(1)(B)(iii).
   _____
   _____

6. If you went to trial, what kind of trial did you have? (Check one)      Jury ☐  Judge only ☐

RECEIVED

MAY 1 4 2008

Page 3

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?     Yes ☐          No ☒

8.  Did you appeal from the judgment of conviction?                         Yes ☐          No ☒

9.  If you did appeal, answer the following:

    (a) Name of court: _____

    (b) Docket or case number (if you know): _____

    (c) Result: _____

    (d) Date of result (if you know): _____

    (e) Citation to the case (if you know): _____

    (f) Grounds raised: _____

    _____

    _____

    _____

    _____

    _____

    _____

    (g) Did you file a petition for certiorari in the United States Supreme Court?     Yes ☐   No ☐

        If "Yes," answer the following:

        (1) Docket or case number (if you know): _____

        (2) Result: _____

        _____

        (3) Date of result (if you know): _____

        (4) Citation to the case (if you know): _____

        (5) Grounds raised: _____

        _____

        _____

        _____

        _____

        _____

        _____

10. Other than the direct appeals listed above, have you previously filed any other motions,

    petitions, or applications concerning this judgment of conviction in any court?

        Yes ☐   No ☐

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court: _____

        (2) Docket or case number (if you know): _____

        (3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or

application?    Yes ❑  No ❑

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or

application?    Yes ❑  No ❑

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your

motion, petition, or application?

(1) First petition:      Yes ❑   No ❑

(2) Second petition:    Yes ❑   No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly
why you did not: _____

_____

_____

12. For this motion, state every ground on which you claim that you are being held in violation of the
Constitution, laws, or treaties of the United States.  Attach additional pages if you have more
than four grounds.  State the <u>facts and law</u> supporting each ground.

**GROUND ONE:** Career offender classification; prior convictions
in violation of the U.S. Sentencing Guidelines.

(a) Supporting facts and law (State the specific facts and law that support your claim.):
The district court imposed an enhanced term of imprisonment
based on prior convictions that were not substantiated
as being reliable based on proof they existed within the
Sentencing Guidelines, and not proved beyond a reasonable
doubt by the Government. Because of the Sentencing Guide-
lines referencing Career Offender status, petitioner was
not to have been classified as such and given a greater
sentence. This was a violation of petitioner's sixth
amendment to the Constitution of the United States.

_____

(See attached Memorandum of Law)

(b) **Direct Appeal of Ground One:**
    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ☐   No ☒
    (2) If you did not raise this issue in your direct appeal, explain why: _____

    _____

    _____

(c) **Post-Conviction Proceedings:**
    (1) Did you raise this issue in any post-conviction motion, petition, or application?
        Yes ☐   No ☒
    (2) If your answer to Question (c)(1) is "Yes," state:
    Type of motion or petition _____
    Name and location of the court where the motion or petition was filed:_____

    _____

Page 6

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

       Yes ❑  No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

       Yes ❑  No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

       Yes ❑  No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

GROUND TWO: Sixth Amendment violation - Ineffective Assist-
ance of Counsel in not filing a Notice of Appeal.

(a) Supporting facts and law (State the specific facts and law that support your claim.):
Subsequent to the imposition of sentencing, Petitioner
requested that his trial counsel process and file a Notice
of Appeal of the sentence; defense counsel failed or refused,
which have denied petitioner his rights under the Sixth Amend-
ment and to file a first time appeal accordingly. Petitioner
have attached as Exhibit "A" a copy of a letter sent to his

defense counsel requesting the filing of a Notice of Appeal
8/10/2007.   (Please see attached Memorandum of Law)

**(b) Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐    No ☒

    (2) If you did not raise this issue in your direct appeal, explain why: _____

    _____

    _____

**(c) Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐    No ☒

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed:_____

    _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

    _____

    _____

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐    No ☒

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐    No ☒

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☐    No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

    _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available):_____

    _____

    _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

**GROUND THREE:**  The Court committed Plain Error in imposing a sentence based on unreliable evidence to enhance petitioner.

(a) Supporting facts and law (State the specific facts and law that support your claim.):

The court imposed sentencing based on unreliable and unsubstantiated evidence - prior convictions in order to place the petitioner in the status for career offenders in contradiction of the Sentencing Guidelines. Under the plain error rule, there was error that is plain affecting the substantial rights of petitioner with the imposition of a greater term of imprisonment because of state prior convictions that was unreliable and not proved to beyond a reasonable doubt by the government.

_____

 (See atatched Memorandum of law)_____

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

   Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

   Yes ☐   No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:_____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

     Yes ❏  No ❏

(4) Did you appeal from the denial of your motion, petition, or application?

     Yes ❏  No ❏

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

     Yes ❏  No ❏

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal

or raise this issue: _____

_____

_____

_____

_____

**GROUND FOUR:** _____

_____

(a) Supporting facts and law (State the specific facts and law that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

Page 10

_____

_____

**(b) Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐ No ☐

    (2) If you did not raise this issue in your direct appeal, explain why: _____

    _____

    _____

**(c) Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐  No ☐

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed:_____

    _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available):_____

    _____

    _____

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐  No ☐

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐  No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☐  No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

    _____

    _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

    _____

    _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: ___Have never filed or raised any of these grounds before.___

_____

_____

_____

_____

_____

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?    Yes ☐   No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: ___Ms. Dani Jahn___
___625 Indiana Avenue, N.W., Suite 550, Washington, D.C. 20004___

(b) At arraignment and plea: ___same as above___

(c) At trial: ___No trial; plea hearing (same as above)___

(d) At sentencing: ___Same as above - Ms. Dani Jahn___

Page 12

(e) On appeal: _____

_____

(f) In any post-conviction proceeding: _____

_____

̇ ̇ ̇ ̇ ̇ ̇ ̇ ̇ ̇ ̇ against you in a post-conviction proceeding: _____

_____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ☐ No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐  No ☐

Page 13

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.* Petitioner was sentenced on 8/7/2007, and therefore, petitioner is within jurisdictional boundaries in filing this motion under §2255 in the district court. Additionally, defense counsel failed or refused to file a Notice of Appeal, which denied petitioner his right to file a first time appeal of the imposition of sentence under both Circuit rules and the constitution. Consequently, this motion is timely filed.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action.

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Page 14

Therefore, movant asks that the Court grant the following relief: Petitioner hereby
requests that the court vacate sentence and resentence accord-
ingly as requested in the attached Memorandum of Law in support.

or any other relief to which movant may be entitled.

N/A (acting Pro se)
_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct

and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____

_____ (month, date, year).

Executed (signed) on _____ (date).

Kirk Brooks By
_____
Signature of Movant
Kirk Brooks

If the person signing is not movant, state relationship to movant and explain why movant is not

signing this motion. _____

_____

_____

* * * * *

Copies to: Judge
            AUSA – Special Proceedings        UNITED STATES DISTRICT COURT
            Dft.                               FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,        :

              v.                 :    Civil Action No. #_____

KIRK BROOKS,                     :    Docket No. 07-094

              Petitioner.        :                    FILED

_____                     MAY 1 4 2008

                Memorandum of Law In Support of    Clerk, U.S. District and
                Motion Under 28 U.S.C. §2255        Bankruptcy Courts

        Kirk Brooks, Petitioner in the above captioned cause, sub-
mits this Memorandum of Law addressing allegations and issues
directly related to the imposition of sentence imposed by this
court attaching to his substantive rights under the laws and the
Constitution of the United States when convicted offenders are
sentenced pursuant to the United States Sentencing Guidelines.
Petitioner maintains that the violation of his substantive rights
are thereby protected and enforced by the laws under the federal
statute and the Constitution.

        The issues raised herein relates to the Criminal History
Category; the ineffectiveness of counsel at the appellate stage
in not filing a Notice of Appeal as requested by the Petitioner;
ineffective assistance of counsel during trial proceedings ref-
erencing and associated with the sentencing phase in failure to
object and raise issues affecting the sentence imposed; and plain
error emcomposing the overall imposition of the sentence and the
procedures therein, which shall include the enhancement of the
sentence imposed by the court.

                                        RECEIVED

                                        MAY 1 4 2008

                                    Clerk, U.S. District and
                                       Bankruptcy Courts

It has been settled throughout our history that the Constitution protects every criminal defendant "against conviction except proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged. It is equally clear that the Constitution gives a criminal defendant the right to demand that the court impose a term of imprisonment based on all of the elements of the crime and the factors governing the imposition of sentencing that is consistent with the laws and the constitution of the United States. These basic concepts, firmly rooted in the Common Law, will help to provide the basis for the court's interpretation of modern criminal statutes and sentencing procedures affecting this Petitioner's case, and a remedy to correcting the errors therein.

### This court must vacate the sentence imposed

Petitioner Brooks argues that his sentence was imposed in violation of United States v. Price, 409 F.3d 436, 443 (D.C. Cir. 2005); United states v. Booker, 543 U.S. 220, 160 L.Ed.2d 621, 125 S.Ct. 738 (January 12, 2005); and United States v. Richardson, 161 F.3d 728, 737 (D.C. Cir. 1998).

In Booker, the Supreme Court held that the Sixth Amendment, as construed in Blakely, 124 S.Ct. 2531 (2004), applies to the federal sentencing guidelines. In the Court's application of the severability analysis and holding that the guidelines are now advisory, the Court stated that federal sentencing practices are reviewable for unreasonableness. The Court also directed the lower courts to apply the harmless and plain error doctrine in

-2-

in reviewing guidelines sentences. Id. at 757-769 (Breyer, J. for the Court).

In Price, the court held that although sentencing courts are no longer required to follow the guidelines when imposing sentences they must consider the guidelines as one of several factors relating to sentencing factors when determining the appropriate range of sentencing under the Guidelines. However, the Government still bears the burden of proving facts that may be relevant to the sentence imposed. The D.C. Circuit Appellate Court ruled that when a defendant raises a dispute involving the PreSentence Report's description of prior convictions , the Government must demonstrate that the description of the prior convictions in the PSR is based on a "sufficiently reliable" source in order to establish accuracy of that prior conviction(s). See also, United States v. Richardson, 161 F.3d 728, 737-38 (D.C. Cir. 1998). The Court in Richardson stated:

> "The government was unable to identify the
> original source of this description, that is,
> where the Probation Office for the Western
> District of Virginia obtained the information
> it passed along to the Probation Office for
> the District of Columbia. Accordingly, as
> appellant correctly points out, there was simply
> no way of knowing at sentencing whether this
> description was obtained from a legitimate and
> reliable source, such as a charging document, a
> plea agreement, or a previous presentence in-
> vestigation report adopted by the state court in
> the burglary case, or whether this description
> came from an untested source, such as an arrest
> warrant, a police report, or a prosecutor's proffer."

This is same position that petitioner here finds himself in.

-3-

It is the responsibility of the government to produce such documents as are necessary to establish that a prior conviction, or offense, can be properly designated a 'prior offense.' <u>United States v. Hill</u>, 131 F.3d 1056, 1065, n. 10 (D.C. Cir. 1997). If the government fails to meet this responsibility, a sentencing court may not turn to potentially unreliable second-hand information in designating a prior offense as a "prior conviction" for sentencing guidelines purposes for placement of a defendant as a Career Offender.

On August 7, 2007, Petitioner appeared before this court for sentencing on one count of Unlawful Possession with Intent to Distribute 5 Grams or more of Cocaine Base, in violation of 21 U.S.C. §841(a)(1) and (b)(1)(B)(iii). The sentencing range, per statute, was 5 years to 40 years, with five years designated as the mandatory minimum sentence. According to the Probation Office, the total offense level was 31 and the criminal history category was VI "based on the prior convictions." The Career Offender status was based on a 1987 conviction for abduction, malicious wounding and robbery and a 1988 bank robbery. Both the 1987 and 1988 prior convictions failed to result in a conviction or confinement "within the past fifteen years, and pursuant to §4B1.1 et seq. of the Guidelines, these prior convictions should have never been used to place petitioner in the career offender category. Consequently, the levels used to place petitioner in the career offender category must be removed. The only sources cited by the Probation Office to establish the existence of any prior convictions were

-4-

documentation from the state court from Prince Georges County for
the state of Maryland and other documents detailing the criminal
history information from the state of Maryland. This information
is from a docket sheet, and, per <u>Price</u>, lacks the necessary proof
of reliability for the court to meet its burden under <u>Richardson</u>.
See <u>Richardson</u>, 161 F.3d at 738 (explaining that the District
Court erred when it sentenced is based on an ehancement that was
based on the description of a prior conviction in a presentence
report where there was no way of knowing at sentencing whether the
description was obtained from a legitimate and reliable source.).

Under the plain-error standard of Rule 52(b), "there must be
(1) 'error,' (2) that is 'plain,' and (3) that 'affects substantial
rights.'" <u>Johnson v. United States</u>, 520 U.S. 461067, 117 S.Ct. 1544,
137 L.Ed.2d 718 (1997)(quoting <u>United States v. Olano</u>, 507 U.S.
725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)(alteration in ori-
ginal). If all three conditions are met, a Court must exercise its
discretion to notice a forfeited error, but only if (4) the error
"seriously affects the fairness, integrity, or public reputation
of judicial proceedings." Id. at 467, 117 S.Ct. 1544.

It is clear that Brooks satisfies the first two elements of
the plain-error test, for the District Court applied the Guide-
lines on the assumption that petitioner was a Career Offnder as a
result of prior convictions "not substantiated." Following <u>Booker</u>,
this was error and it is undoutedly "plain." And the Supreme
Court has made it clear that "where the law at the time of criminal
proceedings, including trial proceedings, was settled and clearly

-5-

contrary to the law at the time of appellate proceedings and a review . . . it is enough that an error be plain at the time of any appellate consideration. Id. at 468, 117 S.Ct. 1544.

There is no doubt that the error was prejudicial, the error has seriously affected the fairness, integrity, or public reputat- ion of judicial proceedings. The Seventh Circuit have stated that "it is a miscarriage of justice to give a person an illegal sent- ence that increases his punishment, just as it is to convict an innocent person. <u>Paladino</u>, 401 F.3d 471, 2005 WL 435430, at 9, see also <u>United States v. Williams</u>, 399 F.3d 450, 461 (2d Cir. 2005)("Leaving in place an error-infected sentence that would have been materially different absent error and that could be readily corrected would 'seriously affect the fairness, integrity or public reputation of judicial proceedings.' Indeed, it would ser- iously affect all three."

Petitioner Brooks mandates that his sentence must be vacated in light of both <u>Price</u> and <u>Booker</u>. Specifically, Brooks argues that his Sixth Amendment rights were violated, because his sent- ence was enhanced by the fact that "unsubstantial documentation" based on facts neither admitted by petitioner nor proved by the government beyond a reasonable doubt. The District Court did not have before it the necessary information to determine whether petitioner's prior state convictions was properly described as reliable doucments to place petitionr in the category of being a career offender under the Guidelines. The government must be able to identify the original source of this description, that is,

-6-

where the Probation Office obtained the information it provided
to the District Court for enhancement of the sentence, and they
were unable to identify the original source.

If the PSI does not make the necessary factual allegations and
proof of facts, then the prior state convictions    must not be
counted towards enhancement into the career offender status under
the Guidelines. In <u>United States v. Price</u>, 409 F.3d 436 (D.C.
Cir. 2005), the Court held that although sentencing courts are no
longer required to follow guidelines and must only consider them
as one of several sentencing factors when determining the appro-
priate sentencing range under the guidelines, courts must follow
the strictures of the Guidelines. The Government bears the burden
of proving facts necessary and relevant to the imposition of
sentencing, and they have not done so.

Petitioner Brooks falls within the same category and guidelines
as did <u>Price</u>. Therefore, the same law that applied to <u>Price</u> must
be applied to Brooks here. <u>Price</u> also make clear that a case of
fifteen years or older cannot be used to enhance a defendant's
sentence under the criminal history category. The only reliable
and sufficient proof for proving such facts are the Judgment and
Commitment Order, Plea Bargain/Agreements, Official COurt records,
and PreSentence Investigation Reports. None of these were used to
prove facts by the government that petitioner must be placed in
the criminal history category for a sentence enhancement. The
information that's been used, or examined, here does not consist
of any evdience to support the sufficiency to classify petitioner

-7-

as a "Career Offender" in any manner under the Guidelines. Accord-
ingly, the Career Offender status must not be applied to Petition-
er Brooks in order to enhance his sentence. The court must re-
sentence Petitioner Brooks "absent the career offender applicat-
ion."

### Ineffective Assistance of Counsel

The Sixth Amendment guarantees the right to effective assist-
ance of counsel in all criminal prosecutions. The right to the
effectieve assistance applies to both retained and appointed
counsel. The standard governing claims of ineffective assistance
of counsel is articulated in Strickland v. Washington, 466 U.S.
668 (1984). In deciding whether a defendant's counsel's perform-
ance was ineffective, the court must consider the totality of the
circumstances because a single error may, in some circumstances,
render counsel's performance ineffective. Murray v. Carrier, 477
U.S. 478, 496 (1986). The right to effective assistance of coun-
sel . . . may in a particular case, such as Petitioner Brooks, be
violated by even an isolated error of counsel if that error is
sufficiently egregious and prejudicial.

In the instant matter presently before this court, Petitioner
states that counsel failed to object to the enhancement of the
imposition of sentence and the presentence investigation report
which thereby produced the greater sentence imposed by this court;
the failure of counsel to file a timely notice of appeal of the
sentence imposed; and the use of unreliable prior convictions
relative to the court imposing a term of imprisonment.

-8-

In addressing the first issue of counsel's ineffectiveness involving the failure to timely file a notice of appeal, petitioner states that when an attorney fails to file an appeal of his sentence, the attorney has acted in a manner that is more than reasonably unprofessional and prejudices the defendant, the defendant need not make a showing of the merits of the appeal to be presented or raised in the Circuit Court.

The Due Process Clause of the Fourteenth Amendment guarantees every criminal defendant the effective assistance of counsel on a "first appeal as of right." In bringing an appeal as of right from his conviction, a criminal defendant such as Petitioner Brooks is attemppting to demonstrate that the conviction [and sentence], with its consequent drastic loss of liberty, is unlawful. To prosecute the appeal, a criminal appellant must face an adversary proceeding that, like a trial, is governed by intricate rules that to a layperson would be hopelessly forbidding.

The familiar <u>Strickland</u> standard applies to claims of ineffective assistance of counsel in connection with the failure of trial counsel to pursue an appeal. <u>Garcia v. United States</u>, 278 F.3d 134, 137 (2d Cir. 2002). A lawyer who disregards a defendant's specific instructions to file an appeal acts in a manner that is professionally unreasonable. The petitioner has also shown prejudice when he shows that he would have taken an appeal, such as when he asked his counsel to file the appeal he need not make a showing of the merits of the appeal. This is so because the petitioner has been deprived of his right to direct appeal whatever the

-9-

merits of the appeal.

When a defendant, such as petitioner, claims that his attorney failed to file a requested notice of appeal, the following pro- ceedings will ensue: (1) a hearing before the district court pur- suant to §2255 to determine whether the client requested the appeal; (2) an appeal from the district court's ruling, should either party seek one; and (3) a direct appeal if the defendant did in fact re- quest that a notice of appeal be filed. Campusano v. United States, 442 F.3d 770, 776 (2d Cir. 2006).

If a petitioner has successfully shown that the petitioner was denied the right to direct appeal his sentence, or any part of the conviction, the proper remedy is to vacate the sentence and remand for resentencing. Garcia, 278 F3d at 137. On the trial court level, the appropriate remedy is to vacate the judgment and enter a new judgment from which a timely appeal may be taken. United States v. Fuller, 332 F.3d 60, 65 (2d Cir. 2003). The purpose of this remedy is to enable the petitioner to pursue the appeal in a manner that will provide a sound jurisdictional basis for whatever ruling is ultimately made on the merit of that appeal.

The fact that a defendant has waived his appeal rights in a plea agreement does not absolve counsel of the responsibility to file a notice of appeal if he so direct. See United States v. Garr- ett, 402 F.3d 1262, 1266-67 (10th Cir. 2005)(relying on Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). See also Reyes v. United States, 96 Fed. Appx. 748, 750 (2d Cir. 2004)(relying on Flores- Ortega).

-10-

Although an appellate waiver significantly limits the pet-
itioner's appellate rights, it does not foreclose all appellate
review of his sentence. Garrett, 402 F.3d at 1267. Thus, regard-
less of whether a plea agreement contains an appellate waiver pro-
vision, a lawyer who disregards specific instructions from the
defendant to file a notice of appeal acts in a manner that is pro-
fessionally unreasonable. In this case, there appears to be a fact-
ual basis, and a dispute, which, in the best interest of justice,
requires an evidentiary hearing. The petitioner claims that he
asked his trial counsel to file a notice of appeal. Consequently,
petitioner was deprived of his only chance to file his first time
appeal, and counsel was ineffective for not granted petitioner's
request. As a result, this matter should be remanded for an evi-
dentiary hearing. Attached to this pleading is "Exhibit A, which
identifies a letter from petitioner to his counsel requesting that
a notice of appeal be filed."

    B:   Ineffective Assistance of counsel - Failure to Object:

The Probation Office classifed petitioner as being a Career
Offender and the court imposed a greater term of imprisonment as
a result. Pursuant to the guidelines, this was an error; an error
that counsel failed to object and challenge. The classification
of being a career offender was an enhancement that increased
petitioner's sentence. Just as the circumstances of the crime and
the intent of the petitioner at the time of the commission of the
offense were often essential elements to be alleged in the indict-
ment, so to were the circumstances mandating a particular punishment.

-11-

## **Legal Standards**

The legal standard is based upon the violation or denial of a substantive right; not necessarily a procedural right. <u>Booker</u> is not a procedural holding but one that rests on Petitioner's substantive rights. <u>Booker</u> qualifies as a substantive holding because the court, through "statutory construction and excision," changed the substantive penalties that may be imposed in federal criminal cases by making the guidelines advisory.

Because <u>Summerlin</u> found that <u>Ring</u> didn't announce a substantive rule, but only a procedural rule, the Court imposed a remedy that was different than the <u>Booker</u> remedy. <u>Summerlin</u>, 124 S.Ct. at 2524. In <u>Ring</u>, the Court corrected the error in <u>Apprendi</u> by changing the sentencing procedure to require fact finding of aggregavating factors by the jury, instead of by the judge, or what a defendant has submitted to. See <u>Summerlin</u>, 124 S.Ct. at 2524. In <u>Booker</u>, the Court corrected the <u>Apprendi</u> error by changing the substantive penalty available. <u>Booker</u>, therefore, establishes a new substantive rule and shall be given retroactive effect to cases like Brooks.

In light of <u>Booker</u>, Petitioner Brooks requests that the district court exercise its discretion to notice and correct plain error in sentencing, vacate the sentence imposed and thereby resentence petitioner consistent with the <u>Booker</u> opinion and the retroactive application of the Amendments to the United States Sentencing Guidelines recently enacted by the Sentencing Commission. Petitioner feels that the court followed the law and the

-12-

procedures at the time the sentence was imposed. Nevertheless,
Petitioner Brooks contends that the district court violated his
Sixth Amendment rights when his sentence was imposed with enhance-
ments which thereby exceeded the maximum authorized by "what was
proper within the statute. Therefore, in light of both <u>Booker</u> and
<u>Blakely</u>, petitioner concludes that the district court plainly
erred.

For almost two decades, sentences for federal offenses have
been imposed pursuant to the Federal Sentencing Guidelines, a
regime drafted and revised by the United States Sentencing Commis-
sion  at the discretion of Congress. See, generally, Sentencing
Reform Act of 1984, codified as amended at 18 U.S.C.A. §3551 et
seq and at 28 U.S.C.A. §§991-998. Designed to facilitate uniform-
ity in sentencing by accounting for the offense of conviction, the
real conduct underlying the offense, and the individual character-
istics of each defendant, the guidelines prescribe ranges of
sentences that were generally binding on the district courts.
See U.S.C.A. §3553(b)(1).

In <u>Booker</u>, the Supreme Court ruled that the Sixth Amendment
is violated when a district court, acting pursuant to the Sent-
encing Reform Act and the Guidelines, imposes a sentence greater
than the maximum authorized by the facts found by the jury alone
or that which the defendant pled or admitted to. The Court con-
cluded that enhancing sentences based on facts found by the
court alone and not by the jury violated the Sixth Amendment
imperative that "[a]ny fact (other than a prior conviction) which

-13-

is necessary to support a sentence exceeding the maximum auth-
orized by the facts established must be proved beyond a reasonable
doubt.

The Court in <u>Booker</u> concluded that this remedial scheme
should apply not only to those defendants, like <u>Booker</u>, whose
sentences had been imposed in violation of the Sixth Amendment,
but also to those defendants who had been sentenced under the
mandatory regime without suffering a constitutional violation.
Petitioner Brooks is in the same exact situation as <u>Booker</u> – his
Sixth Amendment rights under the Constitution were violated which
caused petitioner Brooks to suffer an excessive sentence, and this
court is required to resentence this petitioner.

### Conclusion

The only reasonable solution, or remedy, to this matter is
for the court to vacate and set aside the sentence imposed and,
ultimately, resentence the petitioner absent the enhancement(s)
which caused, or created, the violation of Petitioner Brooks'
constitutional rights under the Sixth Amendment.

For the foregoing reasons, Petitioner respectfully requests
that the court forthwith grant the relief requested.

Respectfully submitted,

Kirk Brooks
#24782-037
P.O. Box 90043
Federal Correctional Inst.
Petersburg, VA 23804

January 19, 2008.

-14-

8/10/07.

Dear Ms. Jahn,

I would appreciate if you would filed a timely notice to appeal my sentence. I sincerely feel that a 120 months, is a severe sentence. Along, with the fact, that I was enhances for a misdamenor charge, which was actually a "possession of marijuana" charge. However, the Office of Probation, made the error that it was "possession of cocaine".

Ms. Jahn, I also feel that the two twenty year old convictions, should have been used to enhance my criminal history calculations. You did not challenge any important issues with sincerety, or consistency.

Please! File an appeal to have this sentenced reduced immediately. Furthermore, Ms. Jahn, told my mother, that I would get 5yrs. Then, told me I would get 7yrs.

Thanks In Advance

Exhibit "A"

Cordially
Kirk Brookebyf

①

Dear Honorable Judge Friedman,

I'm submitting this petition of 2255. I know that Ms. Dani Jahn, demonstrated ineffective assistance of counsel, for failing to argue the following issues at hand:

1. "The Careers Offenses," under the specific case law. U.S. v. Price, 409 F. 3d 436 (D.C. Cir. 2005). Also citing U.S. v. Richardson, 161 F. 3d 728 (D.C. Cir. 1998). U.S. v. Booket, 125 S.Ct. At 764

The Disparity Issues
U.S. v. Smith, 2005 WL 549057 (E.D. Wis. March 3, 2005).
U.S. v. Darrell A. Wilson, Docket No. CR-02-266

I'm filing ineffective assistance of counsel, because none of the issues that I've raising, wasn't raised by the attorney that was appointed to me. Furthermore, I wasn't granted proper due process of the law. I went to court May 9th, 2007, May 17th, 2007, May 22nd, 2007, May 25th 2007, and was sentenced on August 7th, 2007. Before, I was sentenced I was 20 days to prepare for this major ordeal.

None of the issue that I am currently raising. Was not even entertained by a lawyer, that was supposed to have my best interest.

(10)

In U.S. v. Smith, 2005 WL 549057 (E.D. Wis. March 3, 2005), Judge Lynn Adelman of the Eastern District of Wisconsin dealt with a defendant facing a ten-year mandatory minimum sentence, whose guidelines range was 121-151 months, as a result of an offense level of 31 and a criminal history category of II. The government, however, moved for a 6-level departure under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). This would have resulted in a guideline range of 70-87 months, but, because the § 3553(e) motion did away with the mandatory minimum sentence the "extent of any departure granted is within the court's discretion.

Judge Adelman then thoroughly reviewed the Commission's three reports, as well as other literature on the crack/powder disparity. She noted that the "Commission has studied the issue in depth and concluded that the assumptions underlying the disparity between crack and powder are unsupported by data." She concluded, as had the Commission, that "none of the previously offered reasons for the 100:1 ratio with stand scrutiny." She reviewed the Commission's efforts to eliminate the unwarranted disparity and concluded that the 20:1 ratio suggested in the 2002 Report was appropriate." In Smith, the drugs were found in defendant's home. There were 69.89 grams of crack and 653.18 grams of powder." The district court converted this to 1528 kilograms of marijuana, in accordance with the drug equivalency table in § 2D1.1 comment. (n.10). The crack converted to 1389.80 kilograms of marijuana, and the powder to 130.63 kilograms. Thus, the powder, which was at most ten times the quantity of crack, had no affect on the offense level. The resulting offense level was 32. "There were also two loaded handguns in a dresser, which increased the offense level by 2 under § 2D1.1(b)(1)." With a three-level decrease for acceptance of responsibility, the adjusted offense level was 31. "The defendant in Smith also had

⑪

At a 20:1 ratio, the most recent Commission proposal and that adopted in _Smith_, the offense level would be 26 (the 100 grams of cocaine would be equal 400 kilograms of marijuana. The guideline range would be 70 to 87 months.



two prior convictions, both for possessing marijuana. He received "short jail terms" for the prior convictions. This put him in criminal history category II. The resulting guidelines range was 121-151 months. Judge Adelman's decision to apply the roughly 20:1 ratio that would have resulted from the 2002 report's recommendations and proposed guidelines restructuring. This resulted in a guidelines range of 27-33 months. Under all the circumstances, she imposed a sentence of 18 months.

It is important to note that reducing my sentence is not a "departure" from the guidelines, whatever that term may mean in an advisory system. The guidelines in are under Booker, only one factor among several to be considered in imposing a sentence. Attempting to remedy the unwarranted disparity well serves the statutory commands to "promote respect for the law," to "impose a sentence sufficient, but not greater than necessary," to "provide just punishment," to "reflect the seriousness of the offense," to account for "the nature and circumstances of the offense," and to avoid unwarranted sentence disparities." Indeed, Judge Adelman referred to some of these purposes in deciding the sentence to be imposed in Smith. I (Mr. Kirk Brooks-Bey) is not the "serious or high-level trafficker." In Smith, there was more drugs in his case. Along with the fact, that Smith, case also consist of "two loaded handguns." Assessment at 132. I (Mr. Kirk Brooks-Bey) did not engage in any violence, nor did I possess a gun. These facts should dramatically improve the fairness of the federal sentencing system. This Court can accomplish this by imposing a sentence lesser than a 120 months to be served. When in the Smith, case the judge went from 121-151 month guidelines range, all the down to 18 months. All would also like the court, to consider the fact, that I do have a 12 year suspended sentence to contend with in Fairfax, County Virginia.

⑫

United States of America v. Darrell A. Wilson, Docket No. 02-CR-266 (EGS) On June 27, 2003, a jury found Mr. Wilson guilty on one count of unlawful possession with intent to distribute 50 grams or more of cocaine base and one count of unlawful possession with intent to distribute heroin. On December 19, 2003, the Court sentenced Mr. Wilson, to a 360 month term of incarceration, the minimum term applicable under the United States Sentencing Guidelines (hereinafter "Guidelines" or "U.S.S.G."), as calculated in the Pre-sentence Investigation Report. Mr. Wilson filed a timely notice of appeal. On January 12, 2005, the United States Supreme Court issued its opinion in Booker. Subsequently, the government and Mr. Wilson agreed that a re-sentencing was appropriate in light of the Court's opinion in Booker. The parties jointly moved the United States Court of Appeals for the District of Columbia Circuit to remand this matter for re-sentencing, and in an Order dated May 16, 2005, the Court granted the motion. Mr. Wilson will appear before this Honorable Court for re-sentencing on

The Final Presentence Investigation Report calculates the applicable sentencing range under the guidelines as a range of 360 months to life. As set forth below, those calculations were incorrect, because they were based on the incorrect assumptions that the evidence supported a verdict of guilty with regard to crack cocaine and because they based on "unsupported allegations regarding Mr. Wilson's record."

The PSI lists three convictions as counting for purposes of the criminal history calculation: a 1977 conviction for armed robbery and assault with a deadly weapon; a 1987 conviction for possession with intent to distribute 100 grams or more of PCP and possession with intent to distribute heroin; and a 2000 conviction for distribution of cocaine. Mr. Wilson, had the first two of these (1977 and

(13)

1987) incidents removed from his criminal history, because they did not result in convictions and/or incarceration within the past fifteen years and, therefore, should not have been used to determine his criminal history score. According to U.S. v. Price, 409 F.3d 436 (D.C. Cir. 2005).

In Wilson, the PSI does not make the necessary factual allegations and/or does not provide any support for the necessary allegations. As to his 1977 conviction, the report notes that he was sentenced on June 15, 1978, but it does not indicate whether Mr. Wilson was incarcerated for that offense any point within fifteen years of the instant offense, as required by U.S.S.G. § 4A1.2(e). The report notes that he was arrested for a violation in 1982, and that his full term date was in 1988, but provides no information as to when he was released. The full term date is not necessarily the release date, but merely the mandatory release date if not paroled before that date - the full term date does not indicate the date of release. Similarly the allegation that the 1987 conviction was imposed within or Mr. Wilson was incarcerated for that offense within the fifteen year period is unsupported by sufficiently reliable proof. Therefore, both the 1977 and 1987 convictions could not be counted for Guidelines purposes, and the career offender guidelines could not be applied in Mr. Wilson's case.

Mr. Wilson, appeared before the Honorable Judge Emmet G. Sullivan, U.S. District Judge. In the U.S. District Court, for the District of Columbia.