# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIM. NO. 07-0094 (PLF) |
| V. | ) | CIV. NO. 08-0837 (PLF) |
| | ) | |
| KIRK BROOKS, | ) | |
| | ) | |
| Defendant | ) | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S PRO SE MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Opposition to Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.   For the reasons set forth below, this Court should deny Defendant's claim that his attorney was ineffective for failing to file a notice of appeal, after conducting an evidentiary hearing on this claim, and should summarily deny Defendant's remaining claims.

## INTRODUCTION

On January 17, 2007, at approximately 3:07 p.m., U.S. Park Police Officers executed a search warrant at 1251 42nd Street, S.E., Washington, D.C., a single-family residence with a basement, two additional levels, and with three bedrooms on the top floor.  In the closet of one of the bedrooms, the officers recovered two scales associated with the weighing of illicit narcotics.  In the same bedroom closet,  the officers also recovered a small safe which contained 98.9 grams of cocaine base, also known as crack; 81.4 grams of marijuana, 398.8 grams of cocaine, and $9,165 in U.S. currency. Latent finger prints on the containers within the safe holding the narcotics matched the known finger prints of the defendant.

A drug expert was ready to testify that the quantity, weight, and packaging of the cocaine base (crack), cocaine, and marijuana recovered from the safe, in concert with the amount of cash found in the safe, were consistent with possession for the purpose of distribution, rather than for personal consumption.

On April 12, 2007, a federal grand jury indicted the defendant on one count of Unlawful Possession with Intend to Distribute 5 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii); one count of Unlawful Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C); and one count of Unlawful Possession with Intent to Distribute Cannabis, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(D).   On May 29, 2007, the defendant entered a guilty plea to one count of Unlawful Possession with Intent to Distribute 5 Grams or More of Cocaine Base. Under the plea agreement, the defendant agreed to accept responsibility for 98.9 grams of cocaine base (crack), 398.8 grams of cocaine, and 81.4 grams of marijuana.  The government agreed to a three-level reduction under the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (hereinafter "Sentencing Guidelines" or "U.S.S.G.") and to dismiss the remaining counts in the indictment at the time of sentencing.

On August 7, 2007, this Court sentenced the defendant to 120 months' confinement and to five years of supervised release. In sentencing the defendant, the Court fashioned its own adjustment to compensate for perceived inequities in the sentencing guidelines as they pertain to cocaine-base offenses. Nevertheless, the Court also applied the "career offender" provision and set the applicable sentencing range at 100 - 125 months.  See Statement of Reasons as to Kirk Brooks (dated 8/9/07

and signed by Judge Paul L. Friedman).  On May 14, 2008, defendant filed a *pro se* motion, under

28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. Therein, defendant alleged that the

court improperly considered him a "career offender" for sentencing when it relied on unsubstantiated

criminal records and thus sentenced him more harshly than was appropriate. The defendant also

complained that he was denied effective assistance of counsel when his counsel failed to object to

the career offender enhancement and when counsel failed to later file a notice of appeal, pursuant

to the defendant's request.  Defendant's Motion at 8 - 11 and Exhibit A.  For the reasons set forth

below, this Court should deny Defendant's claim that his attorney was ineffective for failing to file

a notice of appeal, after conducting an evidentiary hearing on this claim, and should summarily deny

Defendant's remaining claims.


I.      **Career Offender enhancement was properly applied.**

According to U.S.S.G. § 4B1.1(a), a defendant is a "career offender" if he (1) was at least

eighteen years old at the time he committed the offense of conviction; (2) the instant offense is a

felony that is either a crime of violence or a controlled substance offense; and (3) the defendant had

at least two prior felony convictions of either crimes of violence or controlled substance offenses.

At the time the U.S. Park Police searched the defendant's home on January 17, 2007,  the defendant

was a 38 year-old man with two prior felony convictions.  Defendant's prior felony convictions were

for abduction, malicious wounding, robbery and using a firearm in the commission of a felony in

1987 in Fairfax County, Virginia, and for bank robbery in 1988 in Maryland, and those offenses were

crimes of violence.  See Presentence Report Investigation (PSR), Gov't Ex. 1 and 2, and U.S.S.G.

§ 4B1.2.   The instant offense of conviction is a controlled substance offence.  Thus, the Court

properly applied the "career offender" provision to the defendant during sentencing.

The defendant, nevertheless, complains that these convictions were too stale to be appropriately applied and were not sufficiently confirmed to justify the Court's reliance upon them. See Defendant's Memorandum in Support of Motion at 4 - 7.  Contrary to defendant's claim, defendant's prior felony convictions were not too stale to be properly counted. U.S..S.G.

§ 4A1.2 (e) provides:

> Any sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted.  <u>Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period</u>.

In his Fairfax County conviction, defendant was sentenced on September 8, 1987, to seven years for abduction, five years for malicious wounding, twenty years for robbery, and two years for using firearm in the commission of these offenses. See Gov't Ex. 1.  These offenses were ordered to be served consecutively.  <u>Id.</u> .  Defendant was later released from confinement on this sentence  to federal custody on July, 6, 1992, a period within fifteen years of the defendant's commencement of the crime in the instant offense. See PSR at 7.  Accordingly, defendant's Fairfax County conviction was properly counted.  In defendant's Maryland conviction, defendant was sentenced on July 19, 1988, to ten years in prison.  See Gov't Ex. 2.  Defendant was later released to a halfway house in November 1997.  See PSR at 8.  Defendant's parole expired on January 6, 2002. <u>Id.</u>.  Under these circumstances, it is clear that the defendant's two prior felony convictions were properly counted, and the career offender enhancement was properly applied.

Defendant has offered nothing to legitimately call into question the authenticity of the records

upon which this Court relied in sentencing him.  Accordingly, defendant's motion for sentence relief based upon his claim of that the career offender provision was misapplied must be denied.


## II.   Defendant was not denied effective assistance of counsel

Defendant next alleges that he was deprived of his Sixth Amendment right to effective assistance of counsel when his counsel 1) failed to object to the Court's application of the career offender provision at sentencing; 2) failed to object to the court's reliance upon of unreliable prior convictions, and 3) failed to file a notice of appeal.  The first two claims should be summarily denied, and the third should be denied after conducting an evidentiary hearing.


### A.   Legal standard for assessing ineffective assistance of counsel claims

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court established a two-part test for evaluating claims of ineffective assistance of counsel.   First, the defendant must show that his attorney's errors were "so serious that counsel was not functioning as the 'counsel guaranteed the defendant by the Sixth Amendment." Id. at 687.  To meet this standard, the defendant must show that, in light of all the circumstances as they appeared at the time of the conduct, "counsel's representation fell below an objective standard of reasonableness,"i.e., "prevailing professional norms." Id. at 688, 690; accord Nix v. Whiteside, 475 U.S. 157, 165 (1986); United States v. Toms, 396 F.3d 427, 432 (D.C. Cir. 2005).

Second, even if a defendant shows that his attorney's representation was deficient, the defendant must also affirmatively show that the deficient representation resulted in prejudice "so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable." Strickland, 466

U.S. at 687. To meet this standard, the defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. at 687, 694; see also Toms, 396 F.3d at 432; United States v. Eli, 379 F.3d 1016, 1019 (D.C. Cir. 2004). A defendant therefore bears a heavy burden if he is to prevail in an argument alleging prejudice. "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." Strickland, 466 U.S. at 700; see also Hill v. Lockhart, 474 U.S. 52, 60 (1985). Thus, this Court need not address both parts of the Strickland standard if the defendant fails to make a sufficient showing on either one. Strickland, 466 U.S. at 697. In the plea context, "in order to satisfy the prejudice requirement, the defendant must show that there is a reasonable probability that, but for counsel errors, he would not have pled guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

### B.    Failure to object to career offender enhancement did not amount to deficient representation.

While the defendant claims that his counsel was ineffective for failing to object to the career offender enhancement, this enhancement was properly applied for all of the reasons previously stated. Accordingly, the defendant's first claim of ineffective assistance of counsel should be summarily denied, as defendant has failed to demonstrate both a serious performance deficiency and prejudice.

### C.    Failure to object to unreliable prior convictions did not amount to deficient performance.

While the defendant claims that his counsel was ineffective for failing to object to the court's reliance on unreliable prior convictions, this claim is wholly unsupported and contradicted by the existing record. While the defendant fails to specify to which prior convictions he refers, the

government will assume that he meant to refer to the two prior felony convictions that triggered his designation as a career offender. Defendant's 1987 Fairfax County conviction and his 1988 Maryland District Court conviction were sufficiently evidenced by certified copies of the convictions. See Gov't Ex. 1 and 2. These convictions were obtained by government counsel in anticipation of trial. They were more than adequate to evidence the prior convictions and to trigger the enhancement. Indeed, the court may consider various sources to confirm a prior qualifying conviction for purposes of applying the career offender provision. See United States v. Shepherd, 231 F. 3d 56, 63 (1st Cir. 2000) (courts are permitted to consider the charging document and jury instructions in concluding a conviction is cognizable under the career offender provision). Under these circumstances, the defendant's second claim of ineffective assistance of counsel should be summarily denied, as defendant has failed to demonstrate both a serious performance deficiency and prejudice.

> **D.    Failure to file an appeal did not amount to deficient representation.**

Defendant finally claims that his counsel was ineffective when his counsel ignored his request to file an appeal. In support of this allegation, defendant filed a dubious exhibit which purported to evidence his timely and express instructions to his counsel to file an appeal. See Defendant's Exhibit A. The last two lines of this exhibit call into question the credibility of this evidence. Specifically, the defendant wrote: "Furthermore, Ms. Jahn told my mother[,] that I would get 5 yrs. Then, told me I would get 7 yrs." Id.. These last two lines suggest that Exhibit A was prepared in anticipation of this motion and not in anticipation of a timely appeal. Ms. Jahn's own version of the events lends further support for this notion and contradicts any notion that counsel failed to provide effective assistance

of counsel to the defendant. See Gov't Ex 3.

The United States Supreme Court and the United States Court of Appeals for the District of Columbia Circuit have outlined specific questions that this Court should address when a defendant claims that his attorney provided ineffective assistance by not filing a notice of appeal. Initially, this Court should determine "whether counsel in fact consulted with the defendant about an appeal." Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000). While there is no "bright line rule that counsel must always consult with the defendant regarding an appeal," see id. at 480, an attorney who does consult with the defendant "performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.'" Id. at 471; Taylor, 339 F.3d at 978; see also Roe, 528 U.S. at 477 (explaining that the Supreme Court has "long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable" and provides ineffective assistance under Strickland). As the Roe Court explained, "a defendant who explicitly tells his attorney *not* to file an appeal cannot later complain that, by following his instructions, his counsel performed deficiently." Id. at 477 (emphasis in original). Thus, in a case where counsel consulted with the defendant about whether to appeal, the defendant's ineffective assistance of counsel claim will fail unless the defendant can show that counsel did not follow his or her explicit instructions regarding an appeal.

If an attorney does not consult with his client about whether to appeal, then this Court should address a second question – "whether counsel's failure to consult with the defendant itself constitutes deficient performance." Roe, 528 U.S. at 478; see also Taylor, 339 F.3d at 978. As the Court of Appeals has explained, "'counsel has a constitutionally imposed duty to consult' only when 'there is reason to think either (1) that a rational defendant would want to appeal (for example, because there

are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.'" Taylor, 339 F.3d at 978 (quoting Roe, 528 U.S. at 480).  The fact that Defendant pled guilty is a "highly relevant factor" in this analysis, "both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." Roe, 528 U.S. at 480 (noting that a court evaluating a defendant's objective or subjective desire to appeal after entering a guilty plea should also consider whether the defendant received the sentence he bargained for, and whether the plea expressly waived or reserved some or all appeal rights).  Furthermore, even if counsel could be considered deficient for failing to consult with a defendant about an appeal, a defendant must still show "prejudice" – i.e., he must show that there is a reasonable probability that, but for counsel's failure to consult with him about an appeal, he would have timely appealed.  Id. at 484.

    This Court should not credit defendant's claim that Ms. Jahn ignored defendant's specific instruction to file a notice of appeal because defendant's claim is conclusory, self-serving, and lacks support in any credible record.  Moreover, defendant's claims are contradicted by Ms. Jahn's recollection of events, and there is no reason to question Ms. Jahn's recollection. As noted in her affidavit, Mr. Jahn discussed the possibility of an appeal with the defendant and told him her opinion that an appeal would be frivolous. See Gov't Ex. 3.  According to Ms. Jahn, she explained to the defendant that she saw no basis for an appeal given the legal nature of the sentence. Id..

    After their conversation regarding the possibility of filing an appeal, defendant stated to  Ms. Jahn that she should not file an appeal.  Id.  Ms. Jahn never received any subsequent directives from the defendant concerning the prospect of an appeal. Id..

    In addition, by accepting the plea agreement, the defendant expressly waived his right to

appeal all but an illegal sentence in this case. See Gov't Ex. 4. Thus, even though the defendant had the opportunity and the obligation to alert the Court that he wanted to appeal, he did not do so. Importantly, defendant's assertion, made for the first time almost a year after the imposition of his sentence, is not supported by an affidavit and is, in any event, not credible.

In sum, this Court should schedule an evidentiary hearing to address the defendant's claim that Ms. Jahn provided ineffective assistance by allegedly disregarding defendant's request to file an appeal. Ultimately, at the evidentiary hearing, this Court must determine whether counsel's performance was reasonable. Roe, 528 U.S. at 481. However, this Court should deny defendant's motion because, as the existing record and testimony at the evidentiary hearing will establish, defense counsel consulted with defendant about filing an appeal and after discussing the issue in detail, defendant chose not to file an appeal. Furthermore, the record shows that defense counsel's performance was reasonable. Hence, defendant's third claim of ineffective assistance of counsel should be denied after a hearing.

### E. Reasons why court should conduct a hearing on some but not all issues

A court may deny a Section 2255 motion without holding an evidentiary hearing when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The decision whether to hold a hearing is committed to the district court's discretion, particularly when "the judge denying the § 2255 motion also presided over the [proceeding] in which the defendant claims to have been prejudiced." United States v. Morrison, 98 F.3d 619, 625 (D.C. Cir. 1996); Pollard, 959 F.2d at 1030.

Only where the section 2255 motion raises "'detailed and specific' factual allegations whose resolution requires information outside of the record or the judge's personal knowledge or recollection must a hearing be held." <u>Pollard</u>, 959 F.2d at 1030-31 (citations omitted). <u>See</u> <u>also</u> <u>United States v. Carr</u>, 373 F.3d 1350, 1354 (D.C. Cir. 2004) (holding that no evidentiary hearing was necessary on defendant's ineffective assistance of counsel claim "because it is clear from the record that [defendant] is not entitled to relief.")

However, because defendant's claim regarding his attorney's failure to file a notice of appeal concerns matters outside the record, the government concedes that this Court will need to hold an evidentiary hearing on the appeal issue to evaluate defendant's claim that his attorney did not file notice of appeal as directed. Specifically, the merits of that claim will turn on whether the Court credits the testimony of the defendant or his attorney regarding whether the defendant's attorney consulted with the defendant regarding his right to appeal, and what instructions, if any, defendant gave to his attorney about whether to file a notice of appeal.

## **CONCLUSION**

For the foregoing reasons, this Court should summarily deny the defendant's claims that the court improperly applied the career offender provision to him in determining his sentence, that his counsel was ineffective for failing to object to its application, and that his counsel was ineffective for allowing the court to use unreliable prior convictions in fashioning his sentence. With respect to the defendant's claim that his attorney failed to file a notice of appeal despite defendant's request that she do so, the Court should deny the defendant's claim after an evidentiary hearing.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar Number 498-610

_____

JOHN P. MANNARINO
Assistant United States Attorney
Chief, Special Proceedings Division
D.C. Bar Number 444384

_____s/_____
Timothy W. Lucas
Assistant United States Attorney
Special Proceedings Division
Timothy.W.Lucas@USDOJ.GOV
555 4th Street, N.W., Room 10-443
Washington, D.C. 20530
(202) 305-1845

**I HEREBY CERTIFY** that, this        day of June, 2008, I caused a copy of the foregoing Government's Opposition to Defendant's Motion to Vacate, Set Aside or Correct Sentence, together with a copy of the Plea and Sentencing Hearing Transcripts in the Above-Referenced matter, to be served by first-class mail, postage prepaid, upon Defendant:

Kirk Brooks
Reg. No. 24782-037
P.O. Box 90043
Federal Correctional Institution
Petersburg, VA 23804

_____s/_____
Timothy W. Lucas
Assistant United States Attorney





**Commonwealth of Virginia**

# Circuit Court of
# Fairfax County

4110 Chain Bridge Road
Fairfax, Virginia  22030
(703) 246-2228

May 7, 2007

U. S. Department of Justice
United States Attorney's Office
Attn:  Michael Liebman
Assistant United States Attorney
555 - 4th Street, N.W., Room 4231
Washington, DC  20530

IN RE:  Commonwealth of Virginia  versus  Kirk Bruce Brooks
Case No.(s) K-52223 and MI-2006-869

Dear Mr. Liebman:

We are in receipt of your request for copies in the above styled case. Enclosed you will find certified copies of the Final Order, dated July 18, 2006 for Case No. K52223; and the Final Order, dated July 26, 2006 for Case No. MI-2006-869.

Should you need further assistance, please feel free to contact this office.

Sincerely,

Kim Parson
Deputy Clerk

Enclosures



**GOVERNMENT
EXHIBIT**

_1_

**VIRGINIA:**

### IN THE CIRCUIT COURT OF FAIRFAX COUNTY

| | | |
|---|---|---|
| COMMONWEALTH OF VIRGINIA | ) | CRIMINAL NUMBER FE-1987-52223 |
| VERSUS | ) | |
| KIRK BRUCE BROOKS | ) | INDICTMENT - ABDUCTION (COUNT I), MALICIOUS WOUNDING (COUNT II), ROBBERY (COUNT III) and USING A FIREARM IN THE COMMISSION OF A FELONY (COUNT IV) |

### FINAL ORDER

On July 14, 2006, Casey Lingan, the Assistant Commonwealth's Attorney, the Defendant, KIRK BRUCE BROOKS, and Andrew Elders, Counsel for the Defendant, appeared before this Court. The Defendant is convicted of the felonies of ABDUCTION (COUNT I), MALICIOUS WOUNDING (COUNT II), ROBBERY (COUNT III) and USING A FIREARM IN THE COMMISSION OF A FELONY (COUNT IV) and he appeared while in accordance with a Rule to Show Cause issued on May 2, 2006.

On September 8, 1987, the Defendant, KIRK BRUCE BROOKS, was convicted in the Circuit Court of Fairfax County, Virginia, of the felonies of ABDUCTION (COUNT I), MALICIOUS WOUNDING (COUNT II), ROBBERY (COUNT III) and USING A FIREARM IN THE COMMISSION OF A FELONY (COUNT IV). On January 15, 1988, KIRK BRUCE BROOKS was sentenced to serve seven (7) years on Count I, five (5) years on Count II, twenty (20) years on Count III and two (2) years on Count IV incarceration with the Virginia Department of Corrections and pay the costs of this case. Said sentence imposed on each Count was to run consecutive. All of the sentence imposed on Count I and all of the sentence imposed on Count II suspended conditioned upon the Defendant's good behavior and that he be placed on active probation for twenty (20) years upon his release from incarceration.

On March 22, 1999, a Bench Warrant was issued for the Defendant for alleged violations of probation. On January 5, 2001, the Bench Warrant was dismissed and the Defendant was returned to active probation. The Probation Officer may file a notice of a probation violation if the Defendant is convicted in the District of Columbia.

KHM/cjh
FE-1987-52223

By an Order entered on August 17, 2004, the Defendant was allowed to establish a payment plan with this Court for fines and costs.

On May 2, 2006, a Rule to Show Cause was issued for the Defendant for alleged violations of probation; all of which is reflected by prior orders of this Court in this case.

It was reported to the Court that the Defendant had violated the terms of his probation. The Court brought the Defendant in Court today and ordered him to show cause why the suspended sentence should not be revoked. The Defendant admitted to the violations, as alleged.

The Court heard argument of Counsel. In consideration, the Court **ORDERED** that the Rule to Show Cause issued on May 2, 2006, be dismissed.

Andrew Elders, Attorney at Law, who was appointed to represent the Defendant in this case, is allowed a fee of $428.00. This fee is to be assessed as costs as provided in § 19.2-163 of the 1950 Code of Virginia, as amended.

The fee of the Court Reporter who recorded the evidence and incidents of trial in this case is assessed as costs, as provided in § 19.2-165 of the 1950 Code of Virginia, as amended.

The Court certifies that at all times during the revocation hearing, the Defendant was personally present and his Attorney was likewise personally present and capably represented the Defendant.

The Defendant was released upon the aforesaid conditions..

Entered on July ___18___, 2006.


_Kathleen N. Mackay_
JUDGE KATHLEEN H. MACKAY

**DOB:** 08-22-68
**DOO:** 03-02-87


A COPY TESTE:
JOHN T. FREY, CLERK

BY _____
Deputy Clerk

Original retained in the office of
the Clerk of the Circuit Court of
Fairfax County, Virginia

KHM/cjh
FE-1987-52223

**NATIONAL ARCHIVES AND RECORDS ADMINISTRATION**

**all to whom these presents shall come. Greeting:**

virtue of the authority vested in me by the Archivist of the United States, I certify on
half, under the seal of the National Archives and Records Administration, that the
reproduction(s) is a true and correct copy of documents in his custody.



| SIGNATURE | | |
|---|---|---|
| | *V. Chapman Sh* | |
| NAME | | DATE |
| V. Chapman Smith | | 3-7-2007 |
| TITLE | | |
| **REGIONAL ADMINISTRATOR** | | |
| NAME AND ADDRESS OF DEPOSITORY | | |
| NARA Mid-Atlantic Region | | |
| 14700 Townsend Road | | |
| Philadelphia, PA 19154 | | |

**NA FORM 13040 (10-86)**

The defendant is acquitted and discharged as to this/these count(s).

**THE DEFENDANT IS CONVICTED OF THE OFFENSE(S) OF:** Count 1- U.S.C., Title 18
Section 2113(a)(f) & - Bank Robbery; Aiding and Abetting.

**IT IS THE JUDGMENT OF THIS COURT THAT:** the defendant is hereby committed
to the custody of the Attorney General of the United States or his
authorized representative for imprisonment for a period of Ten (10)
years, as to Count. Said sentence to run consecutively to the
state sentence presently being served by the defendant in the
Commonwealth of Virginia.

GOVERNMENT
EXHIBIT
2

In addition to conditions of probation imposed above, IT IS ORDERED that the conditions of proba-
tion set out on the reverse of this judgment are imposed.

J 245 (Rev. 8/87) Judgment in a Criminal Case

FOR RETURN

# United States District Court

JUL 17 4 PM '88

DISTRICT OF __Maryland__

OCT 2 0 51 AM '88

### UNITED STATES OF AMERICA

### V.

KIRK BRUCE BROOKS

UNKNOWN

(Name and Address of Defendant)

### JUDGMENT IN A CRIMINAL CASE

Case Number:   B-87-0571

__David P. King__
Assistant U.S. Attorney

__Joseph A. Balter, Esq. (AFPD)__
Attorney for Defendant

## THE DEFENDANT ENTERED A PLEA OF:

[☒ guilty   ☐ nolo contendere] as to count(s)_____1_____, and
☒ not guilty as to count(s)_____2_____.

## THERE WAS A:

[☒ finding   ☐ verdict] of guilty as to count(s)_____1_____.

## THERE WAS A:

[☐ finding   ☐ verdict] of not guilty as to count(s)_____
☐ judgment of acquittal as to count(s)_____
    The defendant is acquitted and discharged as to this/these count(s).

**THE DEFENDANT IS CONVICTED OF THE OFFENSE(S) OF:** Count 1- U.S.C., Title 18
Section 2113(a)(f) & 2-  Bank Robbery; Aiding and Abetting.

 **IT IS THE JUDGMENT OF THIS COURT THAT:** the defendant is hereby committed
to the custody of the Attorney General of the United States or his
authorized representative for imprisonment for a period of Ten (10)
years, as to Count 1.  Said sentence to run consecutively to the
state sentence presently being served by the defendant in the
Commonwealth of Virginia.

In addition to any conditions of probation imposed above, **IT IS ORDERED** that the conditions of proba-
tion set out on the reverse of this judgment are imposed.

j (Reverse)

## CONDITIONS OF PROBATION

Where probation has been ordered the defendant shall:

(1)  refrain from violation of any law (federal, state, and local) and get in touch immediately with your probation officer if arrested or questioned by a law-enforcement officer;

(2)  associate only with law-abiding persons and maintain reasonable hours;

(3)  work regularly at a lawful occupation and support your legal dependents, if any, to the best of your ability. (When out of work notify your probation officer at once, and consult him prior to job changes);

(4)  not leave the judicial district without permission of the probation officer;

(5)  notify your probation officer immediately of any changes in your place of residence;

(6)  follow the probation officer's instructions and report as directed.

The court may change the conditions of probation, reduce or extend the period of probation, and at any time during the probation period or within the maximum probation period of 5 years permitted by law, may issue a warrant and revoke probation for a violation occurring during the probation period.

IT IS FURTHER ORDERED that the defendant shall pay a total special assessment of $ 50.00 _____
pursuant to Title 18, U.S.C. Section 3013 for count(s) _____1_____.

IT IS FURTHER ORDERED THAT counts_____2_____ are DISMISSED
on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall pay to the United States attorney for this district any amount imposed as a fine, restitution or special assessment. The defendant shall pay to the clerk of the court any amount imposed as a cost of prosecution. Until all fines, restitution, special assessments and costs are fully paid, the defendant shall immediately notify the United States attorney for this district of any change in name and address.

IT IS FURTHER ORDERED that the clerk of the court deliver a certified copy of this judgment to the United States marshal of this district.

☐  The Court orders commitment to the custody of the Attorney General and recommends:


_____July 19, 1988_____
Date of Imposition of Sentence

_Walter E. Black, Jr._ (signature)
Signature of Judicial Officer

Walter E. Black, Jr.
Name and Title of Judicial Officer

7/22/88
Date

## RETURN

I have executed this Judgment as follows:

_____

_____

Defendant delivered on 9-24-92 to U.S. Penitentiary _____ at
Leavenworth, Kansas _____, the institution designated by the Attorney
General, with a certified copy of this Judgment in a Criminal Case.

G.L. Henman, Warden
United States Marshal

By J. Jordan, Legal Tech
Deputy Marshal

IND-1216/DPK:paw

22 DEC 1987

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. *B 87-0571* |
| | * | (Bank Robbery, 18 U.S.C. |
| v. | * | §§2113(a), (b) & (f); |
| | * | Aiding and Abetting, |
| KIRK BRUCE BROOKS | * | 18 U.S.C. §2). |
| and | * | |
| IVN MITCHELL | * | |
| a/k/a DAVID FREEMAN | * | |
| a/k/a STEVEN MITCHELL | * | |
| a/k/a STEVEN JOHNSON | * | |
| a/k/a STEVE MITCHELL | * | |

ooooOoooo

## I N D I C T M E N T

The Grand Jury for the District of Maryland charges:

On or about April 24, 1987, in the State and District

of Maryland,

KIRK BRUCE BROOKS
and
IVN ~~MITCHELL~~ *Mitchell GA*
a/k/a DAVID FREEMAN
a/k/a STEVEN ~~MITCHELL~~ *MITCHELL GA*
a/k/a STEVEN JOHNSON
a/k/a STEVE MITCHELL

did by intimidation, take from the presence of Jeanette Dickerson

and Chrystal Presberry, employees of the Commercial Bank, Street,

Maryland, a bank, the deposits of which were then insured by the

Federal Deposit Insurance Corporation, money in the amount of

$141,094.75, more or less, belonging to and being in the care,

custody, control, management, and possession of said bank.

18 U.S.C. Section 2113(a)
18 U.S.C. Section 2113(f)
18 U.S.C. Section 2

DEC 22 1987

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY _____ DEPUTY



**COUNT TWO**

And the Grand Jury for the District of Maryland further charges:

On or about April 24, 1987, in the State and District of Maryland,

**KIRK BRUCE BROOKS**
and
**IVN MITHCELL**
a/k/a DAVID FREEMAN
a/k/a STEVEN MITCHELL
a/k/a STEVEN JOHNSON
a/k/a STEVE MITCHELL

did take and carry away, with intent to steal from the Commercial Bank, Street, Maryland, a bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation, money in the amount of $141,094.75, more or less, belonging to and being in the care, custody, control, management, and possession of said bank.

18 U.S.C. Section 2113(b)
18 U.S.C. Section 2113(f)
18 U.S.C. Section 2

A TRUE BILL:

_____
FOREPERSON

_____
Breckinridge L. Willcox
United States Attorney



U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

Judiciary Center
555 Fourth St., N.W.
Washington, D.C. 20530

May 21, 2007

Danielle C. Jahn, Esquire
Assistant Federal Public Defender
by hand-delivery

re:  <u>United States of America v. Kirk Brooks</u>, 07-cr-94-PLF

Dear Counsel:

    This letter sets forth the full and complete plea offer to
your client, Kirk Brooks, from the Criminal Division of the
Office of the United States Attorney for the District of Columbia
(hereinafter also referred to as "the Government" or "this
Office").  This plea offer will expire on May 23, 2007.  If your
client accepts the terms and conditions of this offer, please
have your client execute this document in the space provided
below.  Upon receipt of the executed document, this letter will
become the Plea Agreement.  The terms of the offer are as
follows.

### Charges and Statutory Penalties

    Your client agrees to plead guilty to count one of the
pending indictment, in which he is charged with possession with
intent to distribute cocaine base, also known as crack, in
violation of 21 U.S.C. § 841.  Your client agrees and will
acknowledge at the time of the plea of guilty to this criminal
charge that, pursuant to section 1B1.3 of the United States
Sentencing Commission <u>Guidelines Manual</u> (2006) (hereinafter,
Sentencing Guidelines or U.S.S.G.), he is accountable for 98.9
grams of cocaine base, also known as crack; 398.8 grams of
cocaine; and 81.4 grams of marijuana, which quantities represent
the total amounts involved in your client's relevant criminal
conduct, and constitute amounts of controlled substances your
client possessed with intent to distribute.

GOVERNMENT
EXHIBIT
4

Your client understands that pursuant to 18 U.S.C. §§ 3013, 3559, and 3583, and 21 U.S.C. § 841, the charge carries a mandatory minimum prison sentence of 5 years and a maximum prison sentence of 40 years; a minimum 4-year term and a maximum 5-year term of supervised release; a maximum fine of $2 million; and a $100 special assessment.  There is also an obligation to pay interest and penalties on fines and assessments not timely paid.

In consideration of your client's guilty plea to the above offense, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense.  In addition, at the time of sentencing, the Government will move to dismiss the remaining two counts of the pending indictment.  Your client agrees that with respect to any and all dismissed charges your client is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

### Factual Stipulations

Your client agrees that the attached "Statement of the Offense" fairly and accurately describes his actions and involvement in the offense to which he is pleading guilty.  It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

### Forfeiture

Your client agrees to the administrative forfeiture of $9165 in U.S. currency, seized during the execution of the search warrant at 1251 Forty-second Street, S.E., Washington, D.C., on January 17, 2007.

### Sentencing Guidelines

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the Sentencing Guidelines.  Pursuant to rule 11(c)(1)(B) of the Federal Rule of Criminal Procedure, and to assist the Court in determining the appropriate sentence, the parties stipulate to the following. However, nothing in this agreement is to be read as precluding either party from arguing for or against the applicability of any other specific offense characteristic and/or adjustment to the defendant's base offense level that is not specifically referenced in the agreement.

2

### A. Offense Level Under the Guidelines

The parties agree that the base offense level is 32, pursuant to U.S.S.G. § 2D1.1(a)(3), (c), and app. notes 6 and 10.

### B. Adjustment for Acceptance of Responsibility

Assuming your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence the Government agrees that a two-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming your client has accepted responsibility as described in the previous sentence and that your client's base offense level is 16 or greater, the Government agrees that an additional three-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(b), because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

### C. Guideline Departures

The parties agree that under the Sentencing Guidelines neither a downward nor an upward departure from the applicable Guidelines Ranges are warranted. Accordingly, neither party will seek such a departure or seek any adjustment not set forth herein. Nor will either party suggest that the Court consider such a departure.

### Agreement as to Sentencing Allocution

The parties further agree that a sentence within the applicable Guidelines Ranges established by the Sentencing Guidelines, if determined in accordance with the parties' stipulations in this Agreement, would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a). However, the parties agree that either party may seek a sentence outside of the guidelines ranges established by the Sentencing Guidelines and may suggest that the Court consider a sentence outside of the guidelines ranges based upon the factors to be considered in imposing sentence pursuant to that U.S. Code provision.

Nothing in this agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, and/or imposition of an

adjustment for obstruction of justice, *see id*. § 3C1.1,
regardless of any stipulation set forth above, should your client
move to withdraw your client's guilty plea after it is entered,
or should it be determined that your client has either (1)
engaged in conduct, unknown to the Government at the time of the
signing of this Agreement, that constitutes obstruction of
justice or (2) engaged in additional criminal conduct after
signing this Agreement.

In addition, the Government reserves its right to full
allocution in any post-sentence litigation in order to defend the
Court's ultimate decision on such issues.  Your client further
understands that the Government retains its full right of
allocution in connection with any post-sentence motion which may
be filed in this matter or any proceeding before the Bureau of
Prisons.  In addition, your client acknowledges that the
Government is not obligated and does not intend to file any
downward departure sentencing motion under U.S.S.G. § 5K1.1 or 18
U.S.C. § 3553(e), or any post-sentencing motion to reduce
sentence pursuant to rule 35(b) of the Federal Rules of Criminal
Procedure.

### Court Not Bound by the Plea Agreement

It is understood that pursuant to rule 11(c)(1)(B) and
(c)(3)(B) of the Federal Rules of Criminal Procedure, the Court
is not bound by the above stipulations, either as to questions of
fact or as to the parties' determination of the applicable
guidelines ranges, or other sentencing issues.  In the event that
the Court considers any guidelines adjustments, departures, or
calculations different from any stipulations contained in this
agreement, or contemplates a sentence outside the guidelines
ranges based upon the general sentencing factors listed in 18
U.S.C. § 3553(a), the parties reserve the right to answer any
related inquiries from the Court.

### Court Not Bound by the Non-Mandatory Sentencing Guidelines

It is understood that the sentence to be imposed upon your
client is determined solely by the Court.  It is understood that
the Sentencing Guidelines are not binding on the Court.  Your
client acknowledges that your client's entry of a guilty plea to
the charged offense authorizes the sentencing court to impose any
sentence, up to and including the statutory maximum sentence,
which may be greater than the applicable guidelines ranges.  The
Government cannot, and does not, make any promise or
representation as to what sentence your client will receive.
Moreover, it is understood that your client will have no right to

4

withdraw your client's plea of guilty should the Court impose a sentence outside the guidelines ranges.

### Release/Detention

Your client acknowledges that pursuant to 18 U.S.C. §§ 3143 and 3145, your client may be ordered detained by the Court pending sentencing. It is agreed that the government is free to argue for such detention and that you and your client are free to argue for release pending sentencing. However, your client understands that the final decision regarding your client's release status or detention will be made by the Court at the time of your client's plea of guilty, and that your client is not permitted, under this agreement, to withdraw his plea of guilty if the Court should order him detained pending sentencing.

### Breach of Agreement

Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this agreement, including your client's statements made during proceedings before the Court pursuant to rule 11 of the Federal Rules of Criminal Procedure.

Your client acknowledges discussing with you rule 11(f) of the Federal Rule of Criminal Procedure 11(f) and rule 410 of the Federal Rule of Evidence, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

**Waiver of Statute of Limitations**

It is further agreed that should the conviction following your client's plea of guilty pursuant to this agreement be vacated for any reason, any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

**Waiver of Right to DNA Testing**

By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

**Complete Agreement**

No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal and Superior Court divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, you and your client may so indicate by signing the agreement in the space indicated below and returning the original to me.

Sincerely,

Michael C. Liebman
Assistant United States Attorney
(202) 353-2385

att.

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, Danielle C. Jahn, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

date: _____

_____
Kirk Brooks, defendant


## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

date: _____

_____
Danielle C. Jahn, Esquire
Assistant Federal Public Defender
Attorney for defendant Kirk Brooks

## STATEMENT OF THE OFFENSE

On January 17, 2007, at approximately 3:07 p.m., U.S. Park Police Officers executed a search warrant at 1251 Forty-second Street, S.E., Washington, D.C., a single-family residence with a basement and two additional levels, and with three bedrooms on the top floor. In the closet of one of the bedrooms the officers recovered two scales associated with the weighing of illicit narcotics. In the same bedroom closet the officers also recovered a small safe, which was subsequently found to contain plastic bags and other containers holding (1) 98.9 grams of cocaine base, also known as crack; (2) 81.4 grams of marijuana; (3) 398.8 grams of cocaine; and (4) $9165 in U.S. currency.

Multiple latent fingerprints were recovered from the plastic bags and other containers within the safe holding the controlled substances. These latent prints were subsequently compared to the known prints of the defendant. The known prints of the defendant were a match for latent prints recovered from the containers within the safe holding the cocaine base, also known as crack, the marijuana, and the cocaine.

Defendant's Acceptance of Statement of Offense

I have read this Statement of Offense and carefully reviewed every part of it with my attorney.  I am fully satisfied with the legal services provided by my attorney in connection with this and all matters relating to it.  I fully understand this Statement of Offense and voluntarily agree to it.  No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this Statement of Offense fully.  No agreements, promises, understandings, or representations have been made with, to, or for me other than those in the plea agreement filed in connection with this case.


date: _____          _____
                               Kirk Brooks, defendant



Defense Counsel's Acknowledgment

I am the attorney for defendant Kirk Brooks.  I have reviewed every part of this Statement of Offense with him.  It accurately and completely sets forth the Statement of Offense and agreed to by the defendant and the government.


date: _____          _____
                               Danielle C. Jahn, Esquire
                               Assistant Federal Public Defender
                               Attorney for defendant Kirk Brooks

2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Cr. No. 07-094 (PLF)** |
| | : | **Civ. No. 08-0837 (PLF)** |
| **KIRK BROOKS,** | : | |
| | : | |
| **Defendant.** | : | |

**AFFIDAVIT**

I, Danielle C. Jahn, Esq., affiant, having been duly sworn, do hereby depose and state as follows:

I graduated from University of Baltimore School of Law in May 2002. I am licensed to appear before the District Court for the District of Columbia and I am a member of the bar of the State of Maryland. I have been employed by the Office of the Federal Public Defender since July 2000.

On May 1, 2007, I was appointed to represent Mr. Kirk Brooks after a grand jury returned a three-count indictment charging Mr. Brooks with the following offenses: Count One - Unlawful Possession with Intent to Distribute 5 Grams or More of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(iii); Count Two - Unlawful Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(c); and Count Three - Unlawful Possession with Intent to Distribute Cannabis, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(D). After reviewing the discovery materials provided by the government, Mr. Brooks chose to enter into a plea agreement with the government. On May 29, 2007, Mr. Brooks pled guilty to Count One of the Indictment pursuant to a written plea agreement. On August 7, 2007, Mr. Brooks was sentenced to a term of 120 months incarceration and a five year term of

GOVERNMENT EXHIBIT 3

supervised release.

After his sentencing, Mr. Brooks and I discussed the issue of filing a notice of appeal. We both concluded that there were no legitimate grounds to appeal and therefore no notice of appeal was filed.

I declare, under the penalty of perjury, that the substance of the foregoing affidavit is true and correct, to the best of my knowledge and belief.

Danielle C. Jahn, Esq.

Sworn to and subscribed before me this 12th day of June 2008.

My notary license expires:_____

Seal:

District of Columbia : SS
Subscribed and Sworn to before me, in my presence,
this _12th_ day of _June_ , _2008_

Victoria Priscoli, Notary Public, D.C.
My commission expires December 14, 2009