UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



FILED
APR 2 1 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 07-0094 (PLF)
) Civil No. 08-0837 (PLF)
KIRK BROOKS, )
)
Defendant. )
)

MEMORANDUM OPINION AND ORDER

This matter is before the Court on (1) defendant's *pro se* motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2); and (2) defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The government opposes Mr. Brooks' Section 3582(c)(2) motion but opposes only part of his Section 2255 motion.[1] For the reasons set forth below, the Court agrees with the government. It therefore will deny the defendant's Section 3582(c)(2) motion and deny in part and grant in part the defendant's Section 2255 motion.

I. BACKGROUND

On April 12, 2007, a federal grand jury returned a three-count indictment charging Mr. Brooks with one count of unlawful possession with intent to distribute five grams or more of cocaine base, also known as crack cocaine, 21 U.S.C § 841 (a)(1) and (b)(1)(B)(iii); one count of

---

[1] The papers submitted in connection with this matter include: Defendant's Motion to Reduce Sentence ("3582 Mot."); Defendant's Motion to Vacate, Set Aside, or Correct Sentence ("2255 Mot."); Government's Opposition to Defendant's Motion to Vacate, Set Aside, or Correct Sentence ("Opp."); Defendant's Reply to the Government's Opposition ("Def's reply to Opp."); Def's Reply to Opp., Ex. A (Sentencing Transcript) ("Tr."); Government's Surreply to the Defendant's Reply to Government's Opposition ("Surreply"); and Defendant's Supplemental Reply ("Supp.").

unlawful possession with intent to distribute cocaine, 21 U.S.C § 841 (a)(1) and (b)(1)(C); and one count of unlawful possession with intent to distribute cannabis, 21 U.S.C § 841 (a)(1) and (b)(1)(D). On May 29, 2007, Mr. Brooks entered a plea of guilty to Count One. Pursuant to his plea agreement, Mr. Brooks acknowledged his accountability for 98.9 grams of crack cocaine, 398.8 grams of powder cocaine, and 81.4 grams of marijuana.

On August 7, 2007, the Court sentenced Mr. Brooks to 120 months' imprisonment followed by five years of supervised release. In doing so, the Court reasoned as follows: Under the then-applicable Federal Sentencing Guidelines, the amount of crack cocaine and other drugs for which the defendant was responsible yielded an offense level of 32. The Court then adjusted the offense level downward by three levels for Mr. Brooks' acceptance of responsibility, see U.S.S.G. § 3E1.1, resulting in a total offense level of 29.

In calculating Mr. Brooks' criminal history, the Court considered three prior convictions: (1) a 1987 felony conviction for robbery, abduction, and malicious wounding; (2) a 1988 felony conviction for bank robbery; and (3) a 1999 conviction for possession of cocaine. See Tr. at 37; Presentence Investigation Report ("PSR") at 7-11. In view of the sentences imposed for those prior convictions, there were a total of eight criminal history points under the Guidelines. In addition, two more criminal history points were added because the instant offense was committed while Mr. Brooks was under a criminal justice sentence, see U.S.S.G. § 4A1.1(d), yielding a total of ten criminal history points. This put Mr. Brooks in Criminal History Category V. See Tr. at 37; PSR at 12. The Guidelines sentencing range for a defendant at Offense Level 29, Criminal History Category V was 140 to 175 months. See Tr. at 37-38. After doing these calculations, the Court agreed with defense counsel that categorizing Mr. Brooks as a

career offender (requiring a two level upward adjustment under U.S.S.G. § 4B1.1(A)) would overrepresent defendant's criminal history and require the Court to impose a sentence "more than necessary to accommodate and satisfy the purposes of sentencing." See Tr. at 37.

Rather than impose a sentence consistent with the then-applicable Guideline sentencing range – reflecting a 100-to-1 ratio between crack cocaine and powder cocaine offenses – the Court exercised its discretion under United States v. Booker, 543 U.S. 220 (2005), and imposed a sentence that reflected a 20-to-1 ratio between crack cocaine and powder cocaine offenses. The Court multiplied the amount of crack cocaine for which Mr. Brooks acknowledged he was accountable (98.9 grams) by 20, yielding 1,978 grams, and then added the amount of powder cocaine (398.8 grams), yielding a total amount of powder cocaine of 2,376.8 grams. That put Mr. Brooks at Offense Level 25 (after a three-level downward adjustment for acceptance of responsibility) and Criminal History Category V, for a Guidelines sentencing range of 100 to 125 months. See Tr. at 38. Upon consideration of the factors set forth in 18 U.S.C. § 3553(a), the Court sentenced Mr. Brooks at the high end of that range (120 months) to reflect the seriousness of the offense and his "very, very serious" prior convictions. See Tr. at 35, 39.

## II. SECTION 3582 MOTION

Mr. Brooks filed a motion to reduce his sentence based on an amendment to the Sentencing Guidelines that lowered the base offense level for crack cocaine offenses by two levels, with retroactive applicability. See U.S.S.G., Supp to App. C, Amend. 706, 711; 3582 Mot. at 3. Under 18 U.S.C. § 3582(c)(2), the Court is authorized to reduce a term of

imprisonment imposed "in the case of a defendant who has been sentenced to a term of imprisonment *based on a sentencing range that has subsequently been lowered by the Sentencing Commission.*" 18 U.S.C. § 3582(c)(2) (emphasis added). As Mr. Brooks acknowledges, however, in sentencing him the Court did not apply the crack cocaine Guidelines, but rather multiplied the amount of crack by 20 and applied the powder cocaine Guidelines. See Def's Reply to Opp. at 2-3. Under the retroactive amendment, the defendant would be at an Offense Level 27, Criminal History Category V, and his Guidelines sentencing range would be 120 to 150 months. Under the 20-to-1 ratio used by the Court, he was at Offense Level 25, Criminal History Category V, with a Guidelines sentencing range of 100 to 125 months. Thus, the defendant's Guidelines sentencing range was more favorable than it would be if he were now sentenced pursuant to the amended Guidelines. See Def's Reply to Opp. at 3.

Defendant's Section 3582 Motion is in fact based on a subsequent policy decision of this Court to apply a 1-to-1 crack to powder ratio in sentencing, not on the amendment to the Guidelines. See Supp. at 1-2 (citing United States v. Lewis, 623 F. Supp. 2d 42, 44 (D.D.C. 2009)). Because Mr. Brooks' original sentence was not based on the crack cocaine Guidelines that have been "subsequently lowered by the Sentencing Commission," Mr. Brooks is not entitled to relief under Section 3582(c)(2). This result is consistent with the Sentencing Commission's policy statement that where, as here, "the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and United States v. Booker, 543 U.S. 220 (2005), a further reduction [under 18 U.S.C. § 3582(c)(2)] generally would not be appropriate." U.S.S.G. § 1B1.10(b)(2)(B); see also United States v. Burnette, 587 F. Supp. 2d 163, 164-66 (D.D.C. 2008).

## III. SECTION 2255 MOTION

Mr. Brooks' motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 warrants closer examination. Mr. Brooks makes three arguments: (1) he was incorrectly classified as a career offender in violation of the Sixth Amendment; (2) trial counsel was ineffective in failing to object to career offender enhancements and failing to file a timely notice of appeal; and (3) the Court erred in calculating his criminal history level, resulting in an enhanced sentence. See 2255 Mot. at 5-6, 8.

After receiving a copy of the sentencing transcript, Mr. Brooks recognized that the Court did not make a finding categorizing him as career offender and retracted his first argument for relief. See Def's Reply to Opp. at 4. Mr. Brooks nevertheless maintains that his criminal history was incorrectly calculated because two points were assigned to his 1999 conviction for possession of cocaine. According to Mr. Brooks, since that conviction resulted in his being sentenced to 120 days in a halfway house with work release, it should have been assigned only one criminal history point. See id. at 4-6.

Prior convictions are scored points according to Section 4A1.1 of the Sentencing Guidelines, which directs the Court to:

> (a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month.
>
> (b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).
>
> (c) Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this item.

U.S.S.G. § 4A1.1. "Sentence of imprisonment" as used in Section 4A1.1 (a) and (b) is defined as

"a sentence of incarceration." See U.S.S.G. § 4A1.2(b). The background commentary to Section 4A1.1 clarifies that "[s]ubdivisions (a), (b), and (c) of § 4A1.1 distinguish confinement sentences longer than one year and one month, shorter confinement sentences of at least sixty days, and *all other sentences,* such as confinement sentences of less than sixty days, probation, fines, and *residency in a halfway house.*" U.S.S.G. § 4A1.1, comment (backg'd) (emphasis added). Other circuits have held that halfway house sentences are not deemed "imprisonment" under the Guidelines, and therefore that only one point can be scored for such sentences pursuant to Section 4A1.1(c). See United States v. Latimer, 991 F.2d 1509, 1512 (9th Cir. 1993) ("[A] sentence served in a halfway house is in every case scored only 1 point – regardless of whether the defendant served 5 days or 5 years in confinement.").

The government agrees that defendant's 1999 sentence of 120 days' confinement in a halfway house was incorrectly assessed two criminal history points rather than one point. See Surreply at 2. Reducing defendant's criminal history from ten criminal history points to nine criminal history points results in a new Criminal History Category of IV. At Offense Level 25, Criminal History Category IV, Mr. Brooks' Guidelines sentencing range is 84 to 105 months instead of 100 to 125 months. The government argues that given the seriousness of the offense and defendant's criminal history, the Court should re-sentence the defendant to the high end of that range. See Surreply at 2.

By contrast, the defendant, through his counsel, argues that the Court should apply the 1-to-1 crack to powder ratio subsequently adopted by this Court in its Lewis decision, see supra at 4, and sentence him to no more than the statutory mandatory minimum sentence of sixty months. While the Court already has explained why the Court cannot consider the 1-to-1 ratio on

defendant's Section 3582 motion, the same analysis does not apply to his motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. There may, however, be other reasons why the Court is without authority to revisit defendant's sentence on this basis, such as, for example, the non-retroactivity of Booker. As this is a matter the defendant first discussed in its supplemental reply [38] filed on September 3, 2009, the government has not had the opportunity to address it. The Court therefore would benefit from a supplemental memorandum from the government. The questions to be addressed in that memorandum are: (1) whether the Court may provide relief based on its current 1-to-1 crack/powder policy when the matter is raised, as it has been here, on a motion to vacate, set aside or correct a sentence under 28 U.S.C. § 2255; (2) what remains of defendant's ineffective assistance of counsel claims; and (3) whether any aspect of the defendant's Section 2255 motion requires a hearing.

For all of these reasons, it is hereby

ORDERED that defendant's motion to reduce his sentence under Section 3582 [22] is DENIED; it is

FURTHER ORDERED that defendant's motion to correct his sentence under Section 2255 [24] is GRANTED in part and HELD IN ABEYANCE in part; and it is

FURTHER ORDERED that the government shall file a supplemental memorandum of law addressing the questions set forth above on or before May 14, 2010, to which the defendant, through counsel, may reply on or before May 29, 2010.

SO ORDERED.

_____
PAUL L. FRIEDMAN
United States District Judge

DATE: 4/21/10