UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

DEC - 8 2014

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES OF AMERICA,)
)
v. )
)   Criminal Case No. 07-94 (PLF/AK)
KIRK B. BROOKS, )
Defendant. )
_____)

### **REPORT AND RECOMMENDATION** AND ORDER

This matter was referred to the undersigned United States Magistrate Judge by the Honorable Paul L. Friedman for a Hearing on Violation of Defendant's supervised release and a Report and Recommendation.

### Background

On August 7, 2007, the Defendant was sentenced to 120 months imprisonment and 60 months supervised release for the Unlawful Possession with Intent to Distribute 5 Grams or more of Cocaine Base in violation of 21 USC §§ 841(A)1 and 841(b)(1)(B)(iii). On August 11, 2012, the term of imprisonment was reduced to 71 months with the remaining part of the sentence remaining in effect. In addition to a $100 special assessment, the trial court imposed the following Special Conditions for the Defendant:

- Submit DNA
- Forfeit $9,165
- Drug treatment
- Mental Health

1

Defendant's supervision began on August 16, 2012 and is scheduled to terminate on October 31, 2017.

By memorandum dated November 18, 2013, the Probation Officer notified the trial judge that on October 29, 2013, Mr. Brooks was arrested by the Police Department of Prince William County and charged with Grand Larceny. Mr. Brooks and his wife were apprehended after shoplifting groceries and baby items from Walmart in Woodbridge, Virginia. Mr. Brooks told the Probation Officer he made a "foolish mistake," but denied attempting to steal anything. Both Mr. Brooks and his wife explained that the family was having financial difficulties because their moving company had several customer cancellations, and Mrs. Brooks' real estate business was suffering since the birth of their four month daughter. Mrs. Brooks acknowledged a picture shown to her by the police of the items alleged to have been shoplifted consisting of diapers, baby formula, baby bottles, and other groceries for the household.

The Probation Officer noted that since January 18, 2013 Mr. Brooks was being supervised by the U.S. Probation Office in the Eastern District of Virginia and Mr. and Mrs. Brooks owned and operated Superb Movers, a Virginia based company. As of November 14, 2013, the Brooks family no longer lived in Virginia; they had moved into the District of Columbia and Mr. Brooks was looking for employment. Other than the pending charges, Mr. Brooks was in compliance with his supervision conditions.

By memorandum to the trial judge and the undersigned, the Probation Officer updated Mr. Brooks' case since his last memorandum. The Probation Officer obtained more details of Mr. Brooks' conduct since the November 18, 2013 charges were filed. On the date of the offense, a Walmart security officer observed Mr. Brooks placing food items in the store

shopping bags. He then placed the bags in a shopping cart and attempted to leave the store without paying for the items. Mr. Brook refused to cooperate with the security officer and proceeded to leave the store. Mr. Brooks was subsequently apprehended at his residence. The total value of the items was $355.00.

## Hearing on Violation

A hearing on the alleged violation of the conditions of Defendant's supervised release was held on November 7, 2014. At the hearing, Mr. Books was represented by Counsel and did not dispute the violation. The Probation Officer noted for the record that the Defendant pled guilty to Petty Larceny on July 10, 2014, in the District Court of Prince William County, Virginia. Defendant was sentenced to a period of 12 months with 7 months suspended. On September 25, 2014, Mr. Brooks completed his sentence. He was scheduled to resume outpatient substance abuse counseling on October 7, 2014 at the Renaissance Treatment Center.

The Probation Officer recommended that Mr. Brooks' supervision should not be violated nor have his supervised release revoked but rather that he be sanctioned for the petty larceny by modifying his current conditions of supervision by placing him in home confinement with electronic monitoring and a curfew from 8 pm until 5 am for a period of 60 days. Mr. Brooks is now self-employed with his moving company operating in the District of Columbia and within a 50 mile radius, which can, on occasion, cause him to make deliveries that are beyond the 8 pm curfew. For Defendant to avoid violating his curfew, the Probation Officer requests he have the discretion to shorten the curfew to permit Mr. Brooks to complete his deliveries. Both the Government and Mr. Brooks concur with the recommendation of the Probation Officer. The Defendant, through Counsel, consents to the trial judge signing the Report and Recommendation.

One caveat of the parties' agreement to the modification is the requirement of the Probation Office that because the petty larceny involved the theft of goods, the Defendant or the Probation Office must so advise Mr. Brooks' clients to address the so-called third party risk.

### Recommendation

The undersigned recommends that Defendant's supervised release be modified to sanction Mr. Brooks to 60 days of home detention with an 8pm to 5am curfew and electronic monitoring. The undersigned does not concur with the Probation Office's recommendation that Mr. Brooks' petty larceny conviction should trigger the third party risk, which necessitates telling Mr. Brooks' moving clients that Mr. Brooks was convicted of the theft of goods. It appears to this Court that telling the clients of Mr. Brooks who are seeking his services for moving their goods will inhibit their using Mr. Brooks as their mover and frustrate his ability to maintain earning a living. Unlike the more usual situation where a releasee is seeking employment which entails handling an employer's money, Mr. Brooks handles his client's goods, which if stolen by Mr. Brooks would cause his clients to notify the police or they could sue him. The likelihood of a self-employed mover such as Mr Brooks stealing from his clients while on supervised release appears to this Court to be remote.

DATED: December 3, 2014

_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE

SEEN AND APPROVED:
DATED: 12/8/14

_____
UNITED STATES DISTRICT COURT JUDGE
PAUL L. FRIEDMAN

4